CADY, Chief Justice.
The defendant, Joshua Scott Pearson, seeks further review of a court of appeals decision holding the district court properly resentenced him upon remand. Pearson asserts the district court exceeded its authority when it resentenced him instead of merely correcting an error in the sentencing order. As a result, Pearson contends, he unjustly - received a harsher sentence than the one in the original sentencing order. Upon further review, we hold the district court exceeded its mandate when it resentenced the defendant upon remand. Accordingly, we vacate the decision nf the court of appeals and the judgment and sentence of the district court and remand the case for entry -of judgment consistent with this opinion,
I. Background Facts and Proceedings.
On November 4, 2011, the State charged thirty-one-year-old Joshua Scott Pearson with committing sex. acts with a fifteen-year-old girl. On April 17, 2012, Pearson pled guilty to two counts of sexual abuse in the third degree in violation of Iowa Code section 709.4(2)(c )(4) (2011). This section criminalizes the performance of a sex act with a fourteen- to fifteen-year-old person by an individual at least four years older and not married to the person, Id. At the guilty plea hearing, the State established a factual basis for the plea.
At the subsequent sentencing proceeding, the prosecutor mistakenly informed the district court that the defendant “pled guilty ... to two counts of sexual abuse in the third degree in violation of Iowa Code [s]ection[s] 709.1 and 709.4(2)(5).” This was the only reference made to the applicable Code sections by anyone at the sentencing proceeding. A violation of Iowa Code section 70914(2)(6) criminalizes a sex act with" a twelve- or thirteen-year-old. Compare id. § 709.4(2)(6), with id. § ,709.4(2)(c)(4). Section 709.4(2)(6) is a forcible felony while section 709.4(2)(c )(4) is a nonforcible felony. See id. § 702.11. The written judgment and sentence entered by the district court adjudged the defendant guilty of two counts of -sexual *202 abuse in the third degree in violation of Iowa Code section 709.4(2)(6). Yet, it was clear that during the sentencing proceeding, the court understood the defendant pled guilty to crimes involving a fifteen-year-old female and a thirty-one-year-old male consistent with the elements of section 709.4(2)(c )(4). In its colloquy with the defendant, the court stated, “This victim was roughly fifteen years younger. She was a 15 year old girl.”
As part of the plea agreement, the parties were free to argue for whatever disposition they deemed appropriate. The defendant argued for a twenty-year suspended sentence. Probation, he asserted, would provide him with the maximum .opportunity for rehabilitation.' The State argued for two consecutive, indeterminate ten-year sentences. In delivering its sentence, the district court stated probation was not justified in this instance. The major issue before the court was whether the sentences should be consecutive or concurrent. The court sentenced the defendant to two concurrent, indeterminate ten-year sentences.[1] ' ■
On June 13, Pearson filed a notice of appeal. Two months later, on August 29, the defendant filed a motion to correct an illegal sentence, asserting the district court applied the wrong Code section .at his sentencing and asking the court to correct the error promptly.[2] The defendant also filed successive motions for reconsideration of sentence with the district court. Each time the defendant argued for probation and alleged, among other things, the court used the wrong Code section in his sen-fencing. The district court denied each of the defendant’s. motions for reconsideration. ■
A. Original Appeal. We transferred Pearson’s ease to the court of appeals. In his appeal, Pearson asserted the district court made a mistake of, law when it entered judgment and convicted Pearson of violating Iowa Code section 709.4(2)(6), which he contended could not be corrected by the .use of a nunc pro tunc order. He requested remand to the district court “to correct the statutory violation of the judgment.” The State agreed the wrong Code section, had been entered,in the defendant’s judgment but contended it. was merely a clerical error, which could be corrected with a nunc pro tunc order. The State further contended the record unambiguously demonstrated the court intended to enter judgment against Pearson for violating Iowa Code section 709.4(2)(c )(4), criminalizing a sex act with a fifteen-year-old. It asserted that “[t]he district court did not consciously reason and determine to enter judgment under Iowa Code section 709.4(2)(&).” The State requested the court affirm the judgment and remand the case to the district court to enter a nunc pro tunc order correcting the clerical error.
The court of appeals, however, agreed with Pearson. It found that the “oral pronouncement of the sentence.... was to charges Pearson had not pleaded guilty to." and for which there was no support in the record. State v. Pearson, No. 12-1311, 2013 WL 5291941, at *2 (Sept. 18, 2013). Therefore, the court was unable to remand *203 for a nunc pro tunc order. Instead, the court “vacate[d] the judgment and sentence on Iowa Code section 709.4(2)(&) and remand[ed the case] to the district court to allow the district court to amend the judgment and sentence to reflect the defendant’s intent in entering the plea.” Id. at *1.
B. Proceeding on Remand. The matter returned to the district court before a different judge on November 22, 2013. Initially, the court stated, “This matter is back before the Court for the purpose of resentencing on two counts of sexual abuse in the third degree contrary to Iowa Code [sjection 709.4(2)(c).” (Emphasis added.) The prosecutor agreed, and the court continued:
This matter went up on appeal and was remanded for sentencing based on an interesting opinion drawing a distinction between when we must vacate sentences and when we can simply correct them with an order nunc pro tunc. In this instance the Court of Appeals said it had to remand for resentencing.
The court then proceeded to review the presentence investigation report (PSI) and the record in the case. The' court inquired whether there was “any legal reason or cause why judgment and sentence should not now be pronounced,” to which defense counsel replied, “No.” Both the State and the defendant renewed the sentencing- recommendations previously’ urged. The State requested consecutive, indeterminate ten-year sentences while ■ the defendant again asked for “a probationary sentence, two ten-year sentences run concurrent and on probation.” , The defendant was.then given the opportunity to address the court before sentence was . pronounced. In speaking to the court, Pearson initially objected to the prosecutor’s remarks that he failed to apologize to the victim. In addition, he stated:
I didn’t ask for a new sentencing. I asked -for the correct code to be applied in my appeal. It’s my belief that [the .court of appeals] determined that an error in judgment, not a clerical error, was made by either the district attorney’s office or the Court initially.
The court then found the defendant guilty of two counts of sexual abuse in the third degree in violation of Iowa Code section 709.4(2)(c )(4), the correct Code section, and sentenced him to two indeterminate ten-year sentences .to be served consecutively.
At the end of the hearing, when discussing whether the judgment order should send the defendant to Oakdale for assessment or back to prison, the court stated, “I think that was sort of the whole point of the appeal, was it not, Mr. Pearson, to get it right the first time?” The defendant responded, ‘Tes. It was just to get the code right the first time. I didn’t think a new sentencing and everything but that’s....'”
The court advised the defendant that he was subject to DNA profiling, sex-offender registration, and several no-contact orders. In addition, the court’s judgment and sentencing order provided the “[defendant shall successfully complete a sexual offender treatment program [ (SOTP) ] while incarcerated.”
C. Current ■ Appeal. The defendant now appeals, his resentencing, asserting that upon remand the district court erred by not. following the instructions of the court of appeals in.-two respects. First, Pearson claims the court • erred because “instead of correcting] the technical error in the first sentencing order, it. resen-tenced [him] anew,?’ resulting in a change in his sentences from concurrent to consecutive. Second, he asserts the court’s re-sentencing also resulted in- a change in his *204 sentence by requiring that he complete the required SOTP while incarcerated as opposed to the original sentence, which would have allowed him to complete the program while on parole.
We again transferred the case to the court of appeals, which concluded the district court properly resentenced the defendant and affirmed the district court. Upon our further review, we find the district court exceeded its mandate when it resentenced the defendant upon remand, and we vacate the' decision of the court of appeals and the judgment and sentence of the district court and remand for entry of judgment consistent with this opinion. Consequently, we need not address the defendant’s assertion that the harsher sentence was unjust and the result of vindictiveness.
II. Standard of Review.
Both the defendant and the State assert this court’s review is for errors at law. The defendant has brought this challenge as an appeal, see Iowa Code § 814.6 (2013) (providing criminal defendants in most instances a right of appeal from final judgment of sentence); however, in ‘his argument' he relies almost exclusively on City of Okoboji v. Iowa District Court, 744 N.W.2d 327 (Iowa 2008), a certiorari case. Because the defendant has a statutory right to appeal, we need not address whether he could have challenged the district court’s action with a writ of certiorari. See Kuhlmann v. Persinger; 261 Iowa 461, 468-69, 154 N.W.2d 860, 864 (1967) (recognizing other forms of relief when a district court misconstrues an appellate mandate); see also Bousman v. Iowa Dist. Ct., 630 N.W.2d 789, 793-94 (Iowa 2001) (discussing defendant’s right to appeal under section 814.6 and availability of certio-rari proceedings). Additionally, we agree our review is for correction of errors at law. See Iowa R.App. P. 6.907.
III. Discussion.
A. Resentencing. The defendant asserts the district court erred in resen-tencing him. Specifically, the defendant contends the district court exceeded its authority upon remand.
“It is a fundamental rule of law that a trial court is required to honor and respect the rulings and mandates by appellate courts in a case.” City of Okoboji, 744 N.W.2d at 331. “A mandate to the district court contained in a decision of this court becomes the law of the case on remand, and a district court that misconstrues or acts inconsistently with the mandate acts illegally by failing to apply the correct rule of law or exceeding its jurisdiction.” Id. at 330. Moreover, a district court on remand “is limited to do the special thing authorized by this court in its opinion, and nothing else.” Kuhlmann, 261 Iowa at 468, 154 N.W.2d at 864.
When presented with a mandate on remand, the district court’s first task is to determine the precise action directed to be performed by the appellate court. City of Okoboji, 744 N.W.2d at 331. In doing so, the.court “must not read the mandate in a vacuum, but- must consider the full opinion of the appellate court and the circumstances the opinion embraces.” Id. at 332. In other words, “[t]he rationale of .the appellate court opinion must be examined to uncover the intent of the appellate court.” Id.
The defendant contends the appellate court was clear: “We vacate the judgment and sentence on Iowa Code section 709.4(2)(b) and remand to the district court to allow'the district court to amend the judgment.” Pearson, 2013 WL 5291941, at *3 (emphasis added). According to the *205 defendant, the district court only had authority to correct the clerical error on the judgment and was not authorized to resen-tence the defendant.
Before addressing the merits of the defendant’s substantive claim, we must first consider whether the defendant has preserved error on this issue. The State concedes a defendant may challénge' an “error[ ] in sentencing ... on direct appeal even in the absence of an objection in the district court.” State v. Lathrop, 781 N.W.2d 288, 293 (Iowa 2010). It- argues, however, that the defendant’s challenge is to the district court’s authority to resen-tence him, not to the legality of the sentence itself; therefore it contends his challenge does not fall into this broad error-preservation principle applicable to illegal sentences. See, e.g., State v. Bruegger, 773 N.W.2d 862, 872 (Iowa 2009) (holding when “the claim is that the sentence itself is inherently illegal, whether based on constitution or statute,” the claim may be asserted at any time). When specifically asked by the district court whether he knew of “any legal reason.or cause why judgment and sentence should not be pronounced,” the defendant, through counsel, responded he did not. Thus, the very issue the defendant challenges in this appeal — resen-tencing — his counsel failed to object to when given the opportunity to do so by the court.
We have long held that we “would not decide a case based on a ground not raised in the district court.” DeVoss v. State, 648 N.W.2d 56, 60 (Iowa 2002). These error preservation rules are based upon fairness.
[I]t is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. Furthermore, it is unfair to allow a party to choose to remain silent in the trial court in the face of error, taking a chance on a favorable outcome, and subsequently assert error on appeal if the outcome in the trial court is unfavorable.
Id. (alteration in original) (quoting 5 Am. Jur. 2d Appellate Review § 690, at 360-61 (1995)).
Even though neither the State nor Pearson sought resentencing on appeal or on remand, and both only wanted the conceded mistake in the existing judgment and sentence corrected, the district court on remand ordered resentencing. While the attorneys yielded to the directive of the district court, Pearson told the court when he had the' opportunity to address the ■ judge that he did- not want to be résentenced. In other words, the one person in the; courtroom who was the subject of the resentencing objected when it was his turn to speak. Under these unique facts, we conclude the defendant did not fail to preserve error on his claim.
We now proceed to determine whether the district court acted contrary to “the precise action directed .to be done by the appellate court.” City of Okoboji, 744 N.W.2d at 331. In this case, the court of appeals opinion stated it “vacate[d] the judgment and sentence on Iowa Code section 709.4(2).(b) and remand[ed] to the district court to allow the district court to amend the judgment and sentence to reflect the defendant’s intent in entering the plea.” Pearson, 2013 WL 5291941, at *1 (emphasis added).
As previously noted,, the appellate court did not believe it could remand the case to the district court for the entry of a nunc pro tunc order , to correct a clerical error. Id. at *1.
The function of a nunc pro tunc order is not to. modify or correct a judgment but to make the record show truthfully what judgment was actually rendered— “not to make an order now for then, but *206 to enter now for then an order previous.ly made.”
Gen. Mills, Inc. v. Prall, 244 Iowa 218, 225, 56 N.W.2d 596, 600 (1953) (quoting Chariton & Lucas Cty. Nat’l Bank v. Taylor, 213 Iowa 1206, 1208, 240 N.W. 740, 741 (1932)). .The court found that this was not a case of judgment entry incorrectly differing from the oral rendition of the judgment, in which the nearly universal application is that the oral pronouncement controls. Pearson, 2013 WL 5291941, at *2. The appellate court concluded, “The oral pronouncement of the sentence here was to charges Pearson had not pleaded guilty to, nor was there any evidence to support a finding Pearson had violated that code section.” Id. It found the case akin to State v. Garrett, 516 N.W.2d 892 (Iowa 1994). Id.
In Garrett, the. state charged the defendant with criminal trespass,. and the court properly submitted the elements of trespass to the jury. 516 N.W.2d at 894. However, the verdict form for the criminal trespass charge was erroneously labeled “criminal mischief.” The jury returned a verdict against Garrett on this form. Id. Nevertheless, the court entered judgment of conviction and sentence for criminal trespass. Id, The defendant challenged his sentence as illegal. Id.
Under the facts of that case, this court drew two conclusions: (1) A clerical error existed in the verdict form, and (2) the jury intended to find Garrett guilty of criminal trespass. Id. at 895-96. We held “the district court had the authority to ignore the clerical error ... and accept the verdict as a finding by the jury that Garrett was guilty of criminal trespass.” Id. at 896. We said this because we found the jury’s intention to find him guilty of criminal trespass was “clearly apparent from the instructions and verdict forms.” Id. However, we held, “Technically, the district court should have amended the verdict form to reflect this finding.” Id. For that reason, we vacated the sentence on criminal trespass and remanded to the district court to allow it to amend the verdict form and resentence on the criminal trespass. Id.
At first blush, it would appear that the court of appeals’ reliance on Garrett supports the conclusion that it intended for the district court to engage in a resentenc-ing of Pearson on remand. However, we “must not read the mandate in a vacuum, but must consider the full opinion of the appellate court and the circumstances the opinion, embraces.” City of Okoboji, 744 N.W.2d at 332. “The rationale of the appellate court opinion must be examined to uncover the intent of the appellate court.” Id.
Even though the district 'court in this case was not provided with any evidence to support a finding that Pearson had violated Iowa Code section 709.4(2)(6 ), it entered judgment and sentence on this section. The appellate court determined this was a mistake of law in the judgment, not a mere clerical error. Pearson, 2013 WL 5291941, at *1. The appellate court noted that in Garrett “the proper remedy was to vacate the sentence on criminal trespass and remand to allow the district court to amend the verdict form to reflect the jury’s actual intent and to enter a new sentence on the amended verdict.” Id. at *2.
Although the appellate court directed the district court to vacate Pearson’s sentence, it did not specifically direct the district court to engage in a resentencing procedure. Rather; it directed the court to amend its error in judgment.[3] The *207 appellate court found that while the district court made a mistake in judgment because it erroneously entered judgment on a Code section to which the defendant had not pled guilty and for which there was no evidence, the main issue before the district court had been whether the sentences should be served consecutively or concurrently. Id. It further found there was “nothing in the record to suggest that the court believed Pearson had a younger victim.” Id. Thus, the appellate court acknowledged that the original, sentence, though based upon a mistake in law in the judgment, was not based upon a mistake in the district court’s understanding of the actual factual basis for the plea. Id. Under these circumstances, we do not believe the appellate court, regardless of any reliance upon Garrett, could have intended the State, upon remand, to have another bite at the apple to argue for a harsher sentence than the one originally imposed. Conversely, the appellate court could not have intended Pearson to have a new opportunity to seek a lighter sentence when resentencing was never requested on appeal.
Additionally, we think Garrett can be distinguished from the facts of this case. In Garrett, the court’s judgment and sentence was for a wholly different crime than the crime for which the jury found him guilty. Garrett, 516 N.W.2d at 894. Unlike in this case, the fact finder in Garrett made findings as to an uncharged crime. Id. The finding of guilt that entitled the court to impose sentence was faulty. See id. It makes sense that we required the district court to “resentence Garrett on the amended criminal trespass verdict.” Id. at 896. Criminal trespass was a crime for which Garrett had never been sentenced. Here, however, the court sentenced Pearson for the correct crime but under the wrong Code section. There was no error in the entry of guilt. Therefore, there was no need to resentence Pearson once the judgment was amended.
B. Sentence. We find that the district court exceeded its mandate in resentenc-ing the defendant anew, and we vacate the resulting sentence. Therefore, we need not consider whether the district court unjustly provided the defendant with a harsher sentence than he had before the district court committed error in the original sentencing order.
C. Outcome. This case presents the choice of two outcomes. One is for Pearson to continue to serve out the sentence of incarceration he received in 2012. The other is for Pearson to now serve a new sentence of incarceration twice as long as his original sentence. It all comes about because Pearson exercised his right to appeal from his sentence to correct an inadvertent, nonsubstantive mistake in the entry of judgment and sentence that he was not responsible for creating. It would be wrong for the process of criminal justice to do anything more than correct its own mistake and allow Pearson to serve out the original sentence imposed.
In the end, it is important that we apply our own rules of error preservation and judicial interpretation in a way that does not obscure the goal of justice in each case. What is painfully obvious in this case is that the mistake that occurred at the original sentencing hearing was inconsequential to the sentence imposed. As' a result, there was absolutely no reason for any court to order resentencing as a means to fix the mistake. Nor was there any reason *208 for the mistake to consume the time and expense of two appeals and now the further review of this court. Nor was the mistake one that should further require the time and expense of postconviction relief proceedings.
IV. Conclusion.
For the reasons stated above, we vacate the decision of the court of appeals and the judgment and.' sentence of the district court and remand the case to the district court to amend the original -judgment and sentence to reflect the correct Code section without a resentencing of the defendant.
DECISION OF . COURT OF APPEALS AND JUDGMENT AND SENTENCE OF DISTRICT COURT VACATED; CASE REMANDED WITH DIRECTIONS.
All justices concur except MANSFIELD and ZAGER, JJ., who dissent.

, In addition to the prison terms, the judgment also provided the defendant was subject to lifetime parole, DNA profiling, sex-offender registration, and several no-contact orders. See Iowa Code § 81.2; id. § 664A.5; id. § 692A.104; id. '§ 901.5(8A)(a); ' id. § 903B.1. , ■

. There is nothing in the record to indicate the district court addressed this motion. Because the defendant had filed an appeal, the district court did not have jurisdiction to correct the judgment. See. State, v. Jose, 636 N.W.2d 38, 46 (Iowa 2001).

. Black’s Law Dictionary defines "amend” to mean "[t]o correct or make usu[ally] small *207 changes to (something written or'spoken); to rectify or make right.” Amend, Black's Law Dictionary (10th ed.2014).