**IN THE COURT OF APPEALS OF IOWA**

No. 15-1222
Filed June 15, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RICHARD DEAN PUTNAM,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Pottawattamie County, Gary K. Anderson, District Associate Judge.

        A criminal defendant appeals his conviction and sentence following his guilty plea to domestic abuse assault. **CONVICTION AFFIRMED, JUDGMENT AND SENTENCE VACATED, AND REMANDED.**

        Marti D. Nerenstone, Council Bluffs, for appellant.

        Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

        Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**POTTERFIELD, Judge.**

Richard Putnam appeals his conviction and sentence following his guilty plea to domestic abuse assault. He argues his criminal charge should have been dismissed for a violation of his speedy-trial right and his guilty plea was neither knowing and voluntary nor supported by sufficient evidence; in the alternative, he argues his counsel was ineffective in failing to assert those claims. We find Putnam may only raise his claims in the context of ineffective-assistance-of-counsel and find the record inadequate to address all aspects of those claims except for his argument counsel failed to perform an essential duty by allowing him to plead guilty without a factual basis to support his guilty plea. On that issue, we find Putnam's guilty plea was supported by a factual basis in the record. We preserve all other aspects of Putnam's ineffective-assistance claims for further development of the record in postconviction proceedings. However, because the district court's sentencing order, which purported to accept Putnam's guilty plea, mistakenly identified an incorrect criminal charge and accompanying code section, we vacate Putnam's judgment and sentence and remand so the district court can correct its error.

## I. Background Facts and Proceedings

Putnam was charged by trial information with one count of domestic abuse assault, second offense, in violation of Iowa Code sections 708.2A(1), 708.2A(3)(b), and 236.2(2) (2013). The listed basis for the charge was that Putnam "[d]id assault [a family or household member], causing bodily injury, this being a domestic abuse assault and [Putnam] having been previously convicted of domestic abuse assault." The trial information noted the charge was classified

as an aggravated misdemeanor, although the trial information was captioned with an SRCR number.

The same morning, the State of Iowa filed a document entitled "supplemental" trial information charging Putnam with one count of domestic abuse assault. The listed basis for the supplemental charge was that Putnam "[d]id assault [a family or household member], causing bodily injury, this being a domestic abuse assault," and the trial information classified the charge as a serious misdemeanor. However, despite the fact the supplemental trial information reclassified the offense as a serious misdemeanor and omitted reference to the fact Putnam had been previously convicted of domestic abuse assault, the supplemental trial information still listed the same Iowa Code sections—708.2A(1), 708.2A(3)(b), and 236.2(2)—as the basis for the charge. Section 708.2A(3)(b) applies to domestic abuse assault second offenses, which are classified as aggravated misdemeanors. Section 708.2A(2)(b), a statutory provision not listed by the State in the supplemental trial information, applies to domestic abuse assault first offenses, which are classified as serious misdemeanors.

Both the trial information and the supplemental trial information were filed on December 18, 2014. On January 21, 2015, Putnam filed a written arraignment and plea of not guilty to the serious misdemeanor charge, in which he demanded a speedy trial within ninety days of the filing of the trial information, pursuant to Iowa Rule of Criminal Procedure 2.33(2)(b). In conformity with Putnam's speedy-trial demand, trial was initially set for March 3, 2015, but was continued to March 17, 2015, for reasons not specified in the record. The

continued trial date still fell within the ninety-day time period by one day. On the day of trial, Putnam failed to appear, and a bench warrant was issued for his arrest.

Putnam was arrested ten days later, on March 27, 2015. The public defender was re-appointed to represent him and his trial was rescheduled for April 21, 2015. The date of Putnam's trial was then continued twice more, first to April 28, 2015, and then to May 5, 2015. The district court noted the latter continuance was a result of Putnam's counsel being unavailable. On May 4, 2015, while still represented by the public defender's office, Putnam filed a written waiver of his right to a speedy trial. On May 8, 2015, the district court allowed Putnam's counsel from the public defender's office to withdraw due to a breakdown in the attorney-client relationship. The district court appointed new counsel and continued trial to June 23, 2015. Trial was continued another two times, first to June 30, 2015, and then to July 7, 2015, upon Putnam's own oral motions. The district court noted Putnam's stated reason for both oral motions was to allow his new counsel additional time for plea negotiation and trial preparation.

On July 7, 2015, Putnam entered into a written plea agreement with the State. The title of the plea agreement itself notes Putnam's guilty plea was for the charge of "Domestic Abuse Causing Bodily Injury," in violation of Iowa Code section 708.2A(2)(b)—the statutory provision applicable to domestic abuse assault first offenses which are classified as serious misdemeanors. In paragraph eight of the plea agreement, Putnam specified that he was pleading guilty to the "amended charge of domestic abuse assault causing bodily injury, a

serious misdemeanor." Paragraph four of the plea agreement notes the maximum punishment for the charge, a serious misdemeanor. Paragraph six lists the elements of the charge without mention of a prior conviction. The written plea agreement also contained the following paragraphs:

> 9. I have been advised that I may not appeal to a higher court because of any defect in this plea or plea proceedings unless I file a motion in arrest of judgment alleging the defect not later than 45 days after this plea is entered, or not later than 5 days before the date set for pronouncing sentence, whichever comes first.

> 10. I understand that I have the right to a delay of at least 15 days between the date this plea is entered and the date of sentence. I further understand that if I am sentenced immediately, I lose my right to challenge any defect in this plea or plea proceeding by motion in arrest of judgment and appeal to a higher court. Knowing the above, I request the court to sentence me immediately.

The district court accepted Putnam's guilty plea on July 7, 2015, and entered judgment against him. The guilty plea was contingent upon the district court's acceptance of the terms of the plea agreement. The district court imposed the agreed-upon sentence—a term of imprisonment not to exceed one hundred eighty days, with all but ten of those days suspended, to run concurrently with Putnam's sentence in another case. However, the district court's sentencing order does not reflect judgment for the serious misdemeanor Putnam actually pled guilty to; the district court instead adjudged Putnam guilty of the aggravated misdemeanor listed in the State's initial trial information— domestic abuse assault, second offense, in violation of Iowa Code section 708.2A(3)(b). The sentencing order also states:

> On the 7th day of July, 2015, Defendant appeared with . . . counsel. Defendant waived verbatim record and submits a plea of guilty. Court finds said plea is given freely and voluntarily and that a

> factual basis exists for said plea. Defendant is requesting immediate sentencing and acknowledges the right to file a motion in arrest of judgment.

Finally, the sentencing order notes, "Defendant [wa]s advised by the Court of the reasons for the sentence imposed." The July 7, 2015 hearing was not reported.

Putnam did not file a motion in arrest of judgment. He now appeals.

## II. Standard of Review

Normally, "[w]e review a trial court's ruling on a motion to dismiss based on speedy-trial grounds for an abuse of discretion," *State v. Winters*, 690 N.W.2d 903, 907 (Iowa 2005), and challenges to guilty pleas for correction of errors at law, *State v. Tate*, 710 N.W.2d 237, 239 (Iowa 2006). However, when the challenges arise instead in the context of ineffective-assistance claims, our standard of review is de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

## III. Discussion

We begin by noting that neither of Putnam's claims may be addressed on direct appeal except in the context of ineffective-assistance-of-counsel claims.

Putnam's speedy-trial claim is waived because he pled guilty. *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009) ("It is well established that a defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea."); *State v. Taylor*, No. 14-2075, 2015 WL 5969058, at *3 (Iowa Ct. App. Oct. 14, 2015) ("When a person enters a guilty plea the person waives all challenges to the charge based on speedy trial claims."). However, Putnam's guilty plea does not preclude him from alleging his trial counsel was ineffective for failing to move to dismiss his charge on speedy-trial grounds and allowing him to plead guilty instead. *See, e.g., Enninga v. State*, 812 N.W.2d 696, 708 (Iowa

2012); *State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011); *Adams v. State*, No. 13-0011, 2014 WL 1999294, at *1 (Iowa Ct. App. May 14, 2014). *But cf. State v. Pirtle*, No. 14-1671, 2016 WL 1705601, at *1 (Iowa Ct. App. Apr. 27, 2016) ("By pleading guilty, [the defendant] waived his right to raise any speedy-trial issues, including his ineffective-assistance-of-counsel claim.").

Putnam's written plea agreement expressly waived his "right to challenge any defect in th[e] plea or plea proceeding by motion in arrest of judgment and appeal to a higher court." Also, Iowa Rule of Criminal Procedure 2.24(3)(a) provides that "[a] defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." However, we may consider whether ineffective assistance of trial counsel rendered Putnam's plea unintelligent or involuntary. *See Utter*, 803 N.W.2d at 651–52. Another exception applies when, as here, "a defendant alleges trial counsel was ineffective for permitting him to plead guilty to a charge for which there is no factual basis and for failing to thereafter file a motion in arrest of judgment." *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). Thus, we will consider Putnam's claims in the context of his counsel's performance.

We may decide ineffective-assistance-of-counsel claims on direct appeal if we determine that the record is adequate. *Straw*, 709 N.W.2d at 133. When a claim of ineffective assistance of counsel is raised on direct appeal, an appellate court may either "decide the record is adequate to decide the claim or may choose to preserve the claim for [postconviction proceedings]." Iowa Code § 814.7(3). In order to prevail on his claim of ineffective assistance of counsel,

Putnam must establish both that "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *Straw*, 709 N.W. 2d at 133 (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). Both elements must be proved by a preponderance of the evidence. *Id.* With respect to the first prong, "we begin with the presumption that the attorney performed competently," and "avoid second-guessing and hindsight." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). Attorney action (or inaction) caused by improvident trial strategy, miscalculated tactics, or mistakes in judgment does not necessarily amount to ineffective assistance of counsel. *See State v. Ondayog*, 722 N.W.2d 778, 786 (Iowa 2006). With respect to the second prong, a showing of prejudice resulting from counsel's failure to perform an essential duty requires that a defendant establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

We consider each of Putnam's ineffective-assistance claims in turn.

**A. Putnam's Right to Speedy Trial**

"In criminal matters, a competent practitioner must be aware of and vigilantly protect his or her client's speedy trial rights." *Utter*, 803 N.W.2d at 653. "Thus, to provide reasonably competent representation when a criminal defendant asserts his or her speedy trial rights, counsel must ensure that the State abides by the restrictions established in Iowa Rule of Criminal Procedure 2.33." *Id.* "Counsel's failure to do so amounts to a failure to perform an essential duty." *Id.* A showing of prejudice in such circumstances is all but guaranteed, since the remedy for a violation of the speedy indictment rule is an absolute

dismissal of the charge with prejudice and an accompanying bar against reindictment. *See Id.* at 654. "[I]f [a defendant] knew the court would have had to dismiss the information and that the State could not recharge, it is axiomatic that [the defendant] would not have pled guilty." *Id.* A criminal defendant who pleads guilty to a count which should rightly be dismissed for a speedy-trial violation does not enter into the plea voluntarily or intelligently. *Id.*

The relevant inquiry, then, is whether the State violated Putnam's speedy trial rights, thereby triggering the essential duty of his counsel to move to dismiss the trial information. It is not disputed Putnam asserted those rights and demanded speedy trial under Iowa Rule of Criminal Procedure 2.33(2)(b) until his waiver on May 4, 2015. That rule provides:

> If a defendant indicted for a public offense has not waived the defendant's right to a speedy trial the defendant must be brought to trial within 90 days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown.

Iowa R. Crim. P. 2.33(2)(b). Under rule 2.33(2)(b), "a criminal charge must be dismissed if the trial does not commence within ninety days from the filing of the charging instrument 'unless the State proves (1) defendant's waiver of speedy trial, (2) delay attributable to the defendant, or (3) 'good cause' for the delay.'" *Winters*, 690 N.W.2d at 908 (internal citations omitted). The only factor we consider when determining if good cause existed is the reason for the delay. *Id.*

Putnam's trial was originally scheduled to take place within the ninety-day statutory deadline. Putnam concedes he failed to appear for his trial date and so part of the delay in bringing him to trial was attributable to his own actions, but he argues any remaining delay is attributable to the State and is not supported by

good cause. According to Putnam, only eleven days of delay should be attributed to him, making the new ninety-day deadline April 8, 2015. The Iowa Supreme Court has indicated its disapproval of such mechanical assignment of responsibility for delay in bringing a criminal defendant to trial:

> In considering whether a delay of trial beyond the ninety-day period provided in Iowa Rule of Criminal Procedure 2.33(2)(b) warrants dismissal of the prosecution, we do not deem it appropriate to identify a certain number of days related to events that are believed to have impeded the progress of the case, attribute those events to the defendant or to other good cause, and then extend the speedy-trial deadline by a like number of days. Evaluation of the delay may not be made in such a mechanical fashion because it is not accurate to assume that pretrial events consuming a measurable amount of time will force a delay in the trial of a like amount of time. The decisive inquiry in these matters should be whether events that impeded the progress of the case and were attributable to the defendant or to some other good cause for delay served as a matter of practical necessity to move the trial date beyond the ninety-day period required by the rule.

*State v. Campbell*, 714 N.W.2d 622, 628 (Iowa 2006).

We find the record is not adequate for us to address Putnam's claim of ineffective assistance related to his speedy-trial right. For example, we cannot discern the reason for delay behind the district court's April 21, 2015 order continuing trial to April 28, 2015. The record contains no transcript of the hearing held on that date, and no reason for the continuance is identified in the order. The record is also devoid of testimony or evidence regarding the circumstances behind defense counsel's unavailability on April 28, 2015, and the circumstances that led Putnam to waive his speedy trial right on May 4, 2015. Given these gaps in the record, combined with the law that even a single day of delay not supported by good cause is a basis for dismissal based upon speedy-trial grounds, *see State v. Miller*, 637 N.W.2d 201, 205–06 (Iowa 2001), we are

unable to determine on direct appeal whether the State violated the speedy trial rule. We preserve this claim for further development of the record in postconviction proceedings so Putnam's attorneys may explain themselves and so additional evidence can be introduced regarding the specific reasons for the delays in bringing Putnam to trial.

**B. The Voluntariness of, and Factual Basis for, Putnam's Guilty Plea**

Putnam makes a number of arguments attacking the validity of his guilty plea. He argues his counsel's ineffectiveness rendered his plea unintelligent and involuntary. He also argues the plea was not supported by an adequate factual basis. In arguing he did not enter into his guilty plea intelligently and voluntarily, Putnam again raises the issue of his counsel's failure to file a motion to dismiss on speedy-trial grounds. He also identifies specific strategy decisions and alleges they amounted to ineffective assistance. Finally, Putnam points to a letter sent to defense counsel prior to July 7, 2015. According to Putnam, the existence of the letter calls into question whether his acceptance of the plea agreement was "truly knowing and voluntary" because it stated he would not be accepting the plea deal ultimately proffered to the court. For the reasons stated above related to the speedy-trial claim, and because the record does not contain any evidence or testimony from Putnam's attorneys as to the reasons they made various strategic choices or what conversations or circumstances led to Putnam's acceptance of the plea agreement, we find the record is not adequate for us to address Putnam's claim that his counsel's ineffective assistance caused his plea to be unintelligent and involuntary.

We do find the record is adequate to address Putnam's claim that his counsel was ineffective for allowing him to plead guilty to a charge not supported by a factual basis. "Defense counsel violates an essential duty when counsel permits defendant to plead guilty and waive his right to file a motion in arrest of judgment when there is no factual basis to support defendant's guilty plea." *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2014). "Prejudice is presumed under these circumstances." *Id.* at 764–65. The factual basis must be contained in the record and "can be discerned from four sources: (1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence." *Id.* at 767–68.

The thrust of Putnam's argument appears to be that his counsel was constitutionally deficient for allowing him to plead guilty to the wrong charge (the aggravated misdemeanor), which was not supported by a factual basis in the record. We disagree. The charge Putnam pled guilty to—domestic abuse causing bodily injury, first offense, a serious misdemeanor of in violation of Iowa Code section 708.2A(2)(b)—is supported by an adequate factual basis in the record. The minutes of testimony provide that Putnam showed up at the apartment of a woman he had a relationship with, in violation of a no-contact order. Once there, he threatened to kill the woman and grabbed her arm, causing pain and bruising.

The real issue is the fact the district court appears to have inadvertently adjudged Putnam guilty of the charge listed in the original trial information rather than the charge to which Putnam actually pled guilty. The district court accepted Putnam's guilty plea and sentenced him in accordance with the plea agreement,

but then listed the wrong charge and code section in its sentencing order.  The record contains no indication whatsoever that the court intended to reject the most central aspect of Putnam's plea deal—the charge he was pleading guilty to.

In *State v. Pearson*, No. 13-1311, 2013 WL 5291941, *1 (Iowa Ct. App. Sept. 18, 2013), a different panel of our court considered a similar situation; a criminal defendant pled guilty but the district court erroneously entered judgment and sentenced him under the wrong Iowa Code section.  The court vacated the judgment and sentence and remanded "to allow the district court to amend the judgment."  *Id.* at *3.  The defendant appealed a second time after the district court not only fixed its error at resentencing but also increased the defendant's term of imprisonment.  *State v. Pearson*, 876 N.W.2d 200, 203 (Iowa 2016).  Our supreme court explained that correction of the error in that case did not require resentencing the defendant.  *Id.* at 208 ("What is painfully obvious in this case is that the mistake that occurred at the original sentencing hearing was inconsequential to the sentence imposed.  As a result, there was absolutely no reason for any court to order resentencing as a means to fix the mistake.").

We vacate Putnam's judgment and sentence and remand so the district court can correct its error.

**CONVICTION AFFIRMED, JUDGMENT AND SENTENCE VACATED, AND REMANDED.**