# IN THE COURT OF APPEALS OF IOWA

No. 15-2114
Filed January 25, 2017

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**FREDERICK JOSEPH OLSON,**
 Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, James M. Drew, Judge.

Frederick Joseph Olson appeals from an order resentencing him for burglary in the third degree as an habitual offender. **JUDGMENT AND SENTENCE VACATED AND REMANDED WITH DIRECTIONS.**

Angela L. Campbell of Dickey & Campbell Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., Tabor, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**GOODHUE, Senior Judge.**

Frederick Joseph Olson appeals from an order resentencing him for burglary in the third degree as an habitual offender.

## I.      Facts and Course of Proceedings

The facts that lead to the charges for which Olson was convicted are not at issue before the court.  Olson was initially charged in two different trial informations.  One charged him with burglary in the third degree, as an habitual offender, and possession of burglary tools.  The other trial information charged him with an attempt to commit murder and burglary in the first degree.  A plea agreement was reached under which Olson was to plead guilty to burglary in the third degree, as an habitual offender, and the attempt-to-commit-murder charge was to be amended to interference with official acts while displaying a dangerous weapon, as an habitual offender.  The State was to recommend a term of incarceration not to exceed fifteen years on each of the charges, recommend the sentences run concurrently, and dismiss all other charges.  The State amended the attempt-to-commit-murder charge and dismissed the remaining charges, Olson entered guilty pleas and the State recommended the sentences as agreed, and the district court sentenced Olson accordingly.

Olson appealed, claiming there was no factual basis for the interference charge and his counsel was ineffective for failing to raise the issue or file a motion in arrest of judgment.  Olson's claims were found to have merit, and the Iowa Court of Appeals vacated the conviction on the interference charge.  Because the State had dismissed additional charges in exchange for Olson's pleas, this court held that if a factual basis could not be established for the

interference charge, the district court should also vacate the burglary conviction to return the State to the position it had been in before entering the plea agreement. *State v. Olson*, No. 14-1352, 2015 WL 1848694, at *1 (Iowa Ct. App. Apr. 22, 2015). This allowed the State to reinstate any charges or sentence enhancements it dismissed in contemplation of the plea agreement and file any additional charges supported by the evidence. *Id.*

On remand, a factual basis could not be established for the charge of interference with official acts while displaying a dangerous weapon. The district court sentenced Olson to an indeterminate term of incarceration not to exceed fifteen years on the enhanced third-degree-burglary conviction. The State dismissed the remaining charges. Olson objected emphatically to the sentence and maintained the trial court was obligated to vacate the enhanced burglary conviction.

### II.     Error Preservation

The State does not contest error preservation.

### III.     Standard of Review

The standard of review is for errors at law. *See State v. Pearson,* 876 N.W.2d 200, 204 (Iowa 2016).

### IV.     Discussion

A mandate to the district court contained in the decision of an appellate court becomes a law of the case on remand. *Id.* If the district court fails to interpret it correctly or acts inconsistently with the mandate, it exceeds its jurisdiction. *Id.* It is the duty of the district court to uncover the intent of the appellate court. *Id.*

Olson contends that when the State was unable to establish the factual basis on the interference charge, the district court was obligated to vacate the burglary conviction. The State maintains it had the option to leave the conviction on the burglary charge and dismiss the additional charges when it determined the factual basis on the interference charge could not be made. The State considered the burglary charge to have been disposed of by Olson's plea of guilty pursuant to the original plea agreement, dismissed all of the other charges, and waived the filing of any new charges against Olson. The State takes the position that there was no need for the district court to dismiss the burglary charge because the State adhered to the original plea agreement with regard to the dismissal of all additional charges. The district court apparently took the same position.

On direct appeal, this court did not allow for such an option. When a district court proceeds contrary to an appellate court's remand order, its decision must be treated as null and void. *In re Marriage of Davis*, 608 N.W.2d 766, 769 (Iowa 2000). When a factual basis could not be developed on the interference charge, the entire plea bargain was invalidated—including Olson's plea to the burglary count. *See State v. Allen*, 708 N.W.2d 361, 369 (Iowa 2006). If no factual basis for the interference could be established, the stated purpose of the remand was to return the State to the position it was in before entering the global plea agreement. It is also fair to infer this court intended to return Olson to the same position he was in before entering the global plea agreement, except for the dismissal of the interference charge. By leaving the plea and conviction for the enhanced burglary charge in place, Olson was not returned to the same

position he held prior to the plea agreement. He should have the option to renegotiate a new plea agreement on the enhanced burglary charge without the interference charge in play or to stand trial on the burglary charge, if he so elects.

It has now been established that there is no factual basis for the interference charge. Putting the parties back in the same position as they were requires that the judgment and sentence entered on the burglary charge be vacated, and the State be given the opportunity to reinstate any dismissed charges and file any additional charges the evidence warrants. The judgment and sentence entered on the enhanced-burglary charge are hereby vacated, and the matter is remanded with directions.

**JUDGMENT AND SENTENCE VACATED AND REMANDED WITH DIRECTIONS.**