# IN THE COURT OF APPEALS OF IOWA

No. 17-0066
Filed May 3, 2017

**IN THE INTEREST OF Z.C. and B.C.,**
**Minor Children,**

**J.C., Mother,**
     Appellant.
_____

     Appeal from the Iowa District Court for Benton County, Barbara H. Liesveld, District Associate Judge.

     A mother appeals from the juvenile court's order terminating her parental rights. **AFFIRMED.**

     C. Frederick Stiefel of Stiefel Law Office, Victor, for appellant mother.

     Thomas J. Miller, Attorney General, and Gretchen W. Kraemer and Janet L. Hoffman (until withdrawal), Assistant Attorneys General, for appellee State.

     Troy M. Powell of Powell Law Firm, Cedar Rapids, attorney and guardian ad litem for minor children.

     Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

A mother appeals from the juvenile court's order terminating her parental rights to her two children: Z.C., born in October 2005; and B.C., born in October 2012.  She argues the State failed to prove the statutory grounds for termination by clear and convincing evidence.

The court and the Iowa Department of Human Services (DHS) were previously involved with this family when Z.C. was younger due to concerns Z.C. and the mother's oldest child had witnessed domestic violence between the parents and had observed the parents using illegal substances.

In July 2015, DHS became involved with the family again when the mother reported the father had disabled her car and she was unable to leave their home. She contacted authorities who transported her to her mother's home where the children were already residing because of the escalating violence in their parents' home.[1]  Following this incident, the mother did not seek a protective order against the father and continued to maintain contact with him.  A week later, the juvenile court removed the children from parental custody due to concerns the mother was using methamphetamine and planning to pick the children up from their grandmother's home with the father and return them to the parents' home. At the time of their removal, B.C. was not up-to-date on his shots and had severe dental issues.

The juvenile court terminated the mother's parental rights to Z.C. and B.C. pursuant to Iowa Code section 232.116(1)(f) (2016) as to Z.C., paragraph (h) as

---

[1] The record reveals the parents had often previously placed their children in the care of relatives without an explanation as to why they were unable to provide care for their children.

to B.C., and paragraph (*l*) as to both children.[2]   We review termination-of-parental-rights proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016).  When a court terminates parental rights on more than one ground, we may affirm the order on any of the statutory grounds supported by clear and convincing evidence. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).  "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *In re M.W.*, 876 N.W.2d at 219 (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)).  Our primary consideration is the best interests of the child. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

The mother claims the State failed to prove the grounds for termination because the juvenile court terminated the mother's parental rights to B.C. under Iowa Code section 232.116(1)(h), which requires the court find the child in issue is three years of age or younger, rather than section 232.116(1)(f), which requires the court find the child in issue is age four or older.  B.C. was three years of age when the petition to terminate parental rights was filed, but turned age four less than two weeks before the termination hearing.  The age of a child for purposes of this statute is determined as of the last date of the termination hearing. *See In re J.A.*, No. 13-0889, 2013 WL 5758054, at *3 (Iowa Ct. App. Oct. 23, 2013).

The State's petition asserts grounds for termination under paragraphs (a), (e), (f), (h), and (*l*).  The petition does not specify which paragraphs apply to each

---

[2] The juvenile court also terminated the father's parental rights to Z.C. and B.C.; he does not appeal.

child. "It is well-settled law that a prevailing party can raise an alternative ground for affirmance on appeal without filing a notice of cross-appeal, as long as the prevailing party raised the alternative ground in the district court." *In re M.W.*, 876 N.W.2d at 221 (citation omitted). Moreover, we decline to place form over substance and waste judicial resources on what was clearly a clerical error. *See generally State v. Hess*, 533 N.W.2d 525, 527 (Iowa 1995) ("An error is clerical in nature if it is not the product of judicial reasoning and determination."); *see also generally State v. Pearson*, 876 N.W.2d 200, 205–06, 207–08 (Iowa 2016) (discussing nunc pro tunc orders to correct an error in sentencing and explaining that, because a mistake "occurred at the original sentencing hearing [that] was inconsequential to the sentence imposed . . . , there was absolutely no reason for any court to order resentencing as a means to fix the mistake. Nor was there any reason for the mistake to consume the time and expense of two appeals and now the further review of this court. Nor was the mistake one that should further require the time and expense of postconviction relief proceedings"). In its termination order, the juvenile court found B.C. to be four years of age. The court applied section 232.116(1)(h) as to B.C. in terminating the mother's parental rights. Under these facts and circumstances, the appropriate statutory section is 232.116(1)(f); the juvenile court's reference to section 232.116(1)(h) is clearly a typographical error, which is harmless given our de novo review. *See, e.g.*, *In re D.L.C.*, 464 N.W.2d 881, 883 (Iowa 1991) (noting the juvenile court's error was harmless in light of the de novo review of the appellate court). Thus, we consider whether the State proved the grounds for termination as to both children under paragraph (f).

Section 232.116(1)(f) provides the court may terminate parental rights if the court finds the State has proved by clear and convincing evidence the child (1) is four years of age or older; (2) has been adjudicated a child in need of assistance (CINA); (3) has been removed from the physical custody of the parent for at least twelve of the last eighteen months, or the last twelve consecutive months and any trial period at home has been less than thirty days; and (4) cannot be returned to the parent's custody at the time of the termination hearing.

At the time of the termination hearing in late October 2016, both children were age four or older, had been adjudicated CINA in August 2015, and had been removed from their mother's physical custody for at least twelve months with no trial periods at home. The remaining issue, then, is whether the children could have been returned to the mother's custody at the time of the hearing.

The mother asserts the children should have been returned to her care because she was not involved in a relationship with anyone, she was engaging in mental-health treatment, she was employed full time, she had obtained suitable housing, she had transportation, she had been consistently participating in visits with her children, and she was not using illegal drugs.

At the termination hearing, the mother admitted she had exposed her children to domestic violence between herself and the father. The record shows there have been numerous no-contact orders entered against both parents and both parents have repeatedly violated those orders. The mother testified she had been in an on-and-off relationship with the father for approximately fifteen

years. She admitted their relationship was "unhealthy" and involved violence, yet she failed to participate in any domestic violence counseling.

The mother also denied she had used any illegal substances while caring for her children, testifying she had not used any drugs in almost twenty years. The record shows the mother has a history of substance abuse and being dishonest about her drug usage. In the underlying CINA case, the mother completed only fourteen out of the thirty-two requested drug screenings, all of which were completed after the State filed the petition to terminate parental rights. She tested positive for methamphetamine and amphetamine only three months before the termination hearing and missed four of the six requested drug screenings in the month before the hearing.

Further, the record indicates the mother had unaddressed mental-health issues and was unable to maintain stable employment, housing, or transportation. In October 2015, the mother completed mental-health and substance-abuse evaluations. The evaluator recommended the mother participate in individual counseling. The mother did not engage in counseling until September 2016, approximately one month before the termination hearing. She also did not obtain housing until one month before the hearing or full-time employment until one week before the hearing.

Finally, although the mother did not miss any scheduled visits with her children in the two months leading up to the hearing, the record demonstrates that throughout the underlying CINA case the mother did not consistently exercise her scheduled visitation with her children or take advantage of additional opportunities to see and interact with them. She attended less than half of the

visits DHS offered to her and was also inconsistent in visiting with her children at her mother's home every other weekend when she had the opportunity. The mother claimed she missed visits with her children due to a lack of reliable transportation; however, the mother failed to request any transportation assistance.

The mother loves her children, but her eleventh-hour attempt to prevent termination does not overcome the years of trauma her children have had to endure. "Time is a critical element. A parent cannot wait until the eve of termination, after the statutory time periods for reunification have expired, to begin to express an interest in parenting." *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000). The issues of domestic violence and substance abuse that plagued the parents' earlier CINA action involving Z.C. and the mother's oldest child remain unresolved. The mother has not taken responsibility for her actions and the consequences her children have suffered. These children need permanency and caretakers they can rely on and who do not expose them to domestic violence or substance abuse. We agree with the juvenile court the children could not have been returned to the mother's custody at the time of the termination hearing. Accordingly, we affirm the juvenile court's order terminating the mother's parental rights to Z.C. and B.C. under Iowa Code section 232.116(1)(f).

At the time of the termination hearing, the children were living with their paternal aunt and uncle. The children are doing well in their paternal aunt and uncle's home. They are adoptable, and several family members have expressed a desire to adopt them. Termination of the mother's parental rights is in the children's best interests. *See In re A.B.,* 815 N.W.2d 764, 777 (Iowa 2012) ("It is

well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." (quoting *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010))).

**AFFIRMED.**