# IN THE COURT OF APPEALS OF IOWA

No. 16-2146
Filed August 16, 2017

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JEFFRY ROBERT JENSEN,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Timothy O'Grady (plea) and Gregory W. Steensland (sentencing and resentencing), Judges.

A defendant appeals the district court's decision at resentencing, challenging the district court's rejection of plea agreements and imposition of consecutive sentences. **AFFIRMED.**

Marti D. Nerenstone, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**TABOR, Judge.**

For the second time, Jeffry Jensen appeals his nine-year indeterminate prison sentence. After our supreme court decided *State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016), requiring district courts to give specific reasons for imposing consecutive terms, we remanded his case for resentencing. After giving reasons, the district court imposed the same sentence. Jensen again appeals, claiming (1) counsel at the original sentencing was ineffective for not objecting to the court's rejection of his plea agreements, (2) the court erred in declining to follow the plea agreements at either the original sentencing or resentencing, and (3) the court failed to properly state its reasons for imposing consecutive sentences.

We decline to address Jensen's claims to the extent they relate to the original sentencing hearing. Jensen raised these challenges in his previous appeal, and we rejected them. *See State v. Jensen*, No. 15-2172, 2016 WL 5931033, at *3 (Iowa Ct. App. Oct. 12, 2016). Under the law-of-the-case doctrine, "the legal principles announced and the views expressed by a reviewing court in an opinion, right or wrong, are binding throughout further progress of the case upon the litigants, the trial court and this court in later appeals." *State v. Ragland*, 812 N.W.2d 654, 658 (Iowa 2012). We decline to reconsider these claims of error.

We also reject Jensen's claim the district court erred in not following the plea agreements at resentencing. As we stated in in his first appeal:

> This argument is without merit. The written agreements in these cases stated Jensen's guilty pleas were "not contingent" on the court's acceptance of the State's sentencing concessions. *See*

> Iowa R. Crim. P. 2.10(2) (permitting but not requiring parties to condition plea agreement on court's concurrence to the charging or sentencing concessions). At the plea hearing, both defense counsel and the district court noted "that sentencing is open"—indicating the court was not bound by either party's recommendations.

*Jensen*, 2016 WL 5931033, at *3. Accordingly, the district court was not bound by the plea agreements at resentencing as Jensen asserts. Moreover, as the State points out, the district court lacked the authority to revisit the provisions of the plea agreements at resentencing because Jensen's case was remanded for the limited purpose of determining "whether the sentences should run consecutive or concurrent and provid[ing] reasons for [that] decision." *Id.* at *4; *see also State v. Pearson*, 876 N.W.2d 200, 204 (Iowa 2016) (noting that on remand, a district court "is limited to do the special thing authorized by this court in its opinion, and nothing else" (citation omitted)).

Finally, contrary to Jensen's claim, the resentencing court provided adequate reasons for imposing consecutive terms. We review sentencing decisions for correction of errors at law. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Sentences that conform to the statutory limits are "cloaked with a strong presumption in [their] favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *Id.* A district court must state with specificity its rationale for imposing consecutive sentences, but "in doing so the court may rely on the same reasons for imposing a sentence of incarceration." *Hill*, 878 N.W.2d at 275.

At resentencing, the district court stated:

> I would also inform you that these sentences are being run consecutively because of your need for and the likelihood to

achieve rehabilitation, because of society's protection from further offenses by you and others, because of my personal review of the facts and circumstances in this case, and because of the continuing nature of your criminal activity and the chronology of events as they occurred in each of the incidents for which you entered a plea of guilty.

Because the court targeted its rationale to the imposition of consecutive sentences, Jensen's challenge fails. *See id.*; *see also State v. Barnes*, 791 N.W.2d 817, 828 (Iowa 2010) (noting reasons "need not be detailed, [but] at least a cursory explanation must be provided" (citation omitted)). We affirm Jensen's convictions and sentences.

**AFFIRMED.**