# IN THE COURT OF APPEALS OF IOWA

No. 24-0397
Filed June 18, 2025

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**STEPHEN JOSHUA WILSON,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Adair County, Stacy Ritchie, Judge.


　　　　A defendant appeals the district court's denial of his motion for new trial following remand. **AFFIRMED.**


　　　　John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

　　　　Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee.


　　　　Considered without oral argument by Greer, P.J., Sandy, J., and Telleen, S.J.*

　　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**TELLEEN, Senior Judge.**

Stephen Wilson was charged with disarming a police officer and other offenses following an altercation with emergency workers who were attempting to assist him on the side of Interstate 80. Police responded after Wilson—who had wandered about fifty miles from Des Moines—stood in the middle of the road, jumped onto a slow-moving truck, and threatened the driver. Officers were concerned about Wilson's psychiatric status. When he began to scream uncontrollably, they summoned an ambulance. Wilson threw punches at the paramedics, and he tried to take control of a state trooper's taser.

A jury found Wilson guilty. He moved for a new trial, arguing the "overwhelming evidence" of his compromised mental state foreclosed a finding of intent necessary to support the jury's verdict. The district court denied Wilson's motion following a reported hearing. On direct appeal, he challenged his conviction for disarming a police officer on sufficiency-of-the-evidence and weight-of-the-evidence grounds. *See generally State v. Ary*, 877 N.W.2d 686, 706–07 (Iowa 2016) (distinguishing these claims and the standards by which they are reviewed). We rejected Wilson's sufficiency challenge but found the district court failed to apply the correct legal standard in denying his motion for new trial. *State v. Wilson*, No. 22-1090, 2023 WL 8449406, at *3–4 (Iowa Ct. App. Dec. 6, 2023). We therefore remanded the case for "the trial court to rule on his motion for new trial" under the correct weight-of-the-evidence standard. *Id.* at *4.

Six days after procedendo issued, the district court entered an order stating as follows:

> On May 9, 2022, following jury conviction in this matter, the Defendant filed a Motion for New Trial. Having reviewed the evidence and considered the credibility of the witnesses at trial, the Court finds that the verdict is **NOT** contrary to the weight of the evidence or a miscarriage of justice.
> Accordingly, the Court denies the Motion for New Trial.

Wilson appeals. He contends the court erred by reconsidering his motion for new trial without notice or a hearing, and that we should remand this case again so he can have "an opportunity, after notice, to argue his motion."

Our review is for correction of legal error.[1]  *State v. Pearson*, 876 N.W.2d 200, 204 (Iowa 2016). "It is a fundamental rule of law that a trial court is required to honor and respect the rulings and mandates by appellate courts in a case." *City of Okoboji v. Iowa Dist. Ct.*, 744 N.W.2d 327, 331 (Iowa 2008). In doing so, the court must refrain from overstepping the scope of our instructions on remand. *See Pearson*, 876 N.W.2d at 204 (explaining a mandate on remand authorizes the district court "do the special thing authorized by this court in its opinion, and nothing else" (citation omitted)). But the district court also "must not read the mandate in a vacuum." *City of Okoboji*, 744 N.W.2d at 332. Wilson

---

[1] The State argues that the district court's order was not a final judgment appealable as of right under Iowa code section 814.6(1)(a) (2024) and that Wilson should have brought this challenge by original certiorari action. Our supreme court has declined to resolve that question in the past, *see Pearson*, 876 N.W.2d at 204, and we do not decide it here. Even if the State is correct, we may treat Wilson's notice of appeal as a petition for writ of certiorari. *See* Iowa R. App. P. 6.151(1). The scope of our review would be the same. *City of Okoboji*, 744 N.W.2d at 330.

contends the court did just that by reconsidering his motion without inviting additional argument.[2]

The State argues Wilson failed to preserve his claim of error because he never asked the district court for the hearing he says he was owed.  As a general rule, "[l]itigants may not raise issues—including constitutional issues—for the first time in an appeal."  *State v. Tucker*, 982 N.W.2d 645, 653 (Iowa 2022).  Perhaps Wilson could have asked the court to hold a hearing and reconsider its ruling prior to bringing this appeal.  *See, e.g.*, *Buck v. Iowa Dist. Ct.*, No. 22-1890, 2024 WL 1295105, *1 (Iowa Ct. App. Mar. 27, 2024) (illustrating how such a motion can better facilitate our review).  But we decline to hold this failure against him.  At the time this case returned to the district court, Wilson's trial counsel had long ago withdrawn.  It was Wilson's previously-appointed appellate attorney who filed a timely notice of appeal prior to requesting her own withdrawal.  Under the circumstances of this case, it would have been the better practice for the district court to ensure Wilson had active trial counsel prior to entering its order on remand.  Because of these concerns, we choose to bypass the State's preservation argument.

---

[2] Wilson does not challenge the substance of the district court's ruling.  If he had, we would face some difficulty.  Although the court properly acknowledged the weight-of-the-evidence standards, it provided no explanation for why the greater amount of credible evidence overcomes Wilson's argument that he lacked the requisite intent.  We recognize that motions for new trial on weight-of-the-evidence grounds are to be granted "only in the extraordinary case," *Ary*, 877 N.W.2d at 706, and that they are commonly denied in a summary fashion.  But a one-sentence statement that the verdict is not contrary to the weight of the evidence is not helpful to an appellate court's analysis.  We express no opinion on the merits.

Turning to the substance of Wilson's appeal, we find no error in the district court's course of action. Litigants do not enjoy a categorical right to oral argument, only "a meaningful opportunity to be heard." *In re Marriage of Seyler*, 559 N.W.2d 7, 9 (Iowa 1997) (citation omitted); *see also F.C.C. v. WJR, The Goodwill Station*, 337 U.S. 265, 275–76 (1949) (explaining that "in some situations . . . argument submitted in writing is sufficient" for due process); *Roach v. Bennett*, 148 N.W.2d 488, 492 (Iowa 1967) (finding no error in denial of oral argument where a habeas petitioner had the opportunity to present evidence and file a written brief). Wilson had that opportunity at sentencing, where the court invited argument and his attorney deemed the motion "submitted in full at this time." The reason we remanded this case for a new "rul[ing] on [Wilson's] motion" was not because Wilson lacked a chance to voice his contentions, but because the court applied the wrong legal standard in evaluating them. *Wilson*, 2023 WL 8449406, at *4. Our mandate did not require additional briefing or argument.[3]

We find no merit to Wilson's claim that the district court erred by reconsidering his motion without notice or hearing. He raises no other challenge in this appeal. We therefore affirm the court's order denying Wilson's motion for new trial.

**AFFIRMED.**

---

[3] We do not suggest the district court lacked discretion to request additional input from the parties—only that it was not a requirement of our mandate in this case. When a new hearing is our expectation, we generally say so. *See, e.g.*, *State v. Bishop*, No. 22-1498, 2023 WL 5949007, at *2 (Iowa Ct. App. Sept. 13, 2023); *State v. Shelton*, No. 19-0555, 2021 WL 3074480, at *5 (Iowa Ct. App. July 21, 2021); *State v. Yates*, No. 12-2273, 2014 WL 2600212, at *3 (Iowa Ct. App. June 11, 2014).