# IN THE SUPREME COURT OF IOWA

No. 14–1851

Filed December 30, 2016

Amended March 21, 2017

**STATE OF IOWA,**

Appellee,

vs.

**PATRICK JOHN LETSCHER,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Winnebago County, Gregg R. Rosenbladt, Judge.

Defendant seeks further review of a court of appeals decision affirming a sentence imposed by the district court that forfeited a $2000 cash bail to pay the financial obligations imposed by the sentence. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT AND SENTENCE AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Katherine M. Krickbaum (until withdrawal), then Thomas J. Ogden and Kevin Cmelik, Assistant Attorneys General, and Adam D. Sauer, County Attorney, for appellee.

Alan R. Ostergren, Muscatine, for amicus curiae Iowa County Attorneys Association.

**CADY, Chief Justice.**

In this case, we consider whether a sentence in a criminal case may include a provision for the forfeiture of a pretrial bail bond in payment of the various financial obligations imposed as a part of the sentence. We conclude a sentencing court in Iowa is not authorized to impose forfeiture of bail. We vacate the decision of the court of appeals in part and affirm it in part. We affirm the sentence of the district court in part, reverse in part, and remand with directions.

## I.  Factual Background and Proceedings.

On August 28, 2013, the Forest City Police Department took Patrick Letscher and another person into custody and filed a complaint accusing them of stealing a pickup truck. A magistrate set bail at $2000, cash only. Two days later, Letscher posted the bail with the clerk of court. He also signed a form entitled, "APPEARANCE BOND - WAIVER OF ARRAIGNMENT – AUTHORIZATION OF PLEAS OF GUILTY," ostensibly provided to him by the clerk. The form contained preprinted text with several blank lines requesting information. The blanks were completed and identified Letscher's name, the offenses charged, the date and time of the preliminary hearing, and the amount of bail. The text included two set-off paragraphs with an underlined lead-in next to each. The paragraphs provided, "(Arresting officer to check the one that applies)."

> _____SIMPLE MISDEMEANOR – Upon my failure to appear and enter a plea to said charge, I hereby waive my rights to appear in Court, to have an attorney, to further move or plea, and to have a trial. On my failure to appear, I authorize the Court to enter a plea of guilty to the charge set out above and I understand that my bond will be forfeited in payment of fines, surcharges, costs and victim restitution in this matter and any other criminal judgment(s) against me in Winnebago County. The Surety whose name appears below agrees and consents to such payment.

_____OTHER – The bond is posted to insure my appearance in Court on said date and time and at all future court appearances until these matters are concluded and to comply with all future court orders. I UNDERSTAND THAT IF I DO NOT APPEAR, THIS BOND MAY BE FORFEITED AND A WARRANT FOR MY ARREST MAY BE ISSUED IF THE COURT SO ORDERS. I authorize the Clerk of Court to use this bail bond to pay all fines, surcharges, costs and victim restitution that I may be ordered to pay by the Court in the final judgment of this matter or any other criminal judgment(s) against me in Winnebago County.

The paragraph marked "OTHER" was checked as the pertinent provision. The form then stated, "Posted by," and contained a line for the defendant's signature and address. Letscher signed his name on this line. He was released from custody.

Letscher was subsequently charged by trial information with the felony crimes of theft in the first degree and criminal mischief in the second degree. The charges were later amended to include habitual felony offender enhancements. In August of 2014, Letscher entered a written plea of guilty to the theft charge pursuant to a plea agreement. Under this agreement, the State promised to concur in the sentencing recommendation of the presentence investigator, dismiss the habitual felony offender enhancement, dismiss the criminal mischief charge, and dismiss all charges against the other person arrested with Letscher. The written plea identified, and the court reiterated, Letscher's understanding of the maximum penalties, including a fine up to $10,000, ten years in custody, a thirty-five percent surcharge on the fine, court costs, and reimbursement of attorney fees. The district court subsequently sentenced Letscher to a period of incarceration not to exceed ten years. It refused to suspend the period of incarceration and grant probation. It also imposed a fine of $1000, with a surcharge of thirty-five percent and an additional surcharge of $125, restitution in the amount of $398.74,

and attorney fees in the amount of $240. It suspended the fine and surcharge. Paragraph 6 of the sentencing order then provided,

> Appearance bond is forfeited and applied to Defendant's obligations in this and other criminal matters in Winnebago County. Bond in excess of Defendant's obligations will be returned to the person in whose name it was posted. Remaining obligations shall be paid to the Clerk of Court in full by the date of this order.

Letscher moved for reconsideration and requested he be sentenced to probation. The motion was denied, and Letscher appealed.

On appeal, Letscher raised two claims of error. First, he claimed his request for probation was improperly denied because the district court utilized a fixed policy against granting probation to defendants with a prior criminal record. Second, Letscher claimed the district court lacked authority to order forfeiture of the bail.

We transferred the case to the court of appeals. It held the record at the sentencing hearing supported the conclusion that the district court imposed a sentence of incarceration based on the individual circumstances of the case, not a fixed policy. It further found that the authority of the district court to forfeit an appearance bond at sentencing was never at issue because the district court did not forfeit the bond. Instead, the court of appeals found the district court at sentencing effectively only directed the bond to be returned to Letscher subject to the agreed conditions. A special concurrence found Letscher never objected to the conditions of the bond during the trial court proceedings and, therefore, failed to preserve error.

Letscher sought, and we granted, further review. In doing so, we now affirm the decision of the court of appeals in part and vacate in part. We affirm the decision of the court of appeals on the issue pertaining to the denial of probation without further discussion and vacate the

decision on the issue pertaining to the appearance bond. *See State v. Gathercole*, 877 N.W.2d 421, 427 (Iowa 2016) (noting "our discretion to select the issues addressed on further review"). We affirm the judgment and sentence of the district court as modified by this decision. We strike provision 6 from the sentencing order and remand the case to the district court for further proceedings on the bond.

## II. Standard of Review.

Review of sentencing decisions is for correction of errors at law. Iowa R. App. P. 6.607; *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Formaro*, 638 N.W.2d at 724. Absent a constitutional argument, "we review a district court's decisions related to bail for an abuse of discretion." *See State v. Briggs*, 666 N.W.2d 573, 575 (Iowa 2003). To the extent there is a constitutional argument, our review is de novo. *See id.*

## III. Preservation of Error.

We first consider whether Letscher properly raised the issue of bail on appeal from the judgment and sentence entered by the district court. The State claims Letscher was required to raise any dispute before the district court for the court to address and review it in a proceeding separate from this criminal appeal.

The State correctly observes that bail is normally a matter we address and review separate from the entry of a judgment and sentence. *See Formaro*, 638 N.W.2d at 727; *State v. Costello*, 489 N.W.2d 735, 738 (Iowa 1992) ("[P]roceedings for forfeiture of bail and judgment therein are civil actions . . . ." (quoting *State v. Zylstra*, 263 N.W.2d 529, 531 (Iowa 1978))). In this case, however, the district court made forfeiture of the

pretrial appearance bond posted by Letscher into a term of the sentencing order. As a term of sentence, Letscher was entitled to challenge it as any other term of sentence, and the challenge could properly include the authority of the court. *See State v. Bruegger*, 773 N.W.2d 862, 872 (Iowa 2009) (noting a claim of an illegal sentence "may be brought at any time"); *see also State v. Louisell*, 865 N.W.2d 590, 597 (Iowa 2015) (noting "the well-established principle that sentences imposed without statutory authorization are illegal and void"). A provision of a sentence becomes part of the sentence and may be challenged on appeal. *Formaro*, 638 N.W.2d at 727. Our rule is that matters following the imposition of sentence are collateral and must be addressed separately. *Id.*; *see also State v. Alspach*, 554 N.W.2d 882, 884 (Iowa 1996).

The court of appeals majority viewed the sentencing provision as an order for exoneration of the bond following a disposition of the sentence. It concluded the sentencing court, in exonerating the bond, only followed the provisions of the bond form to which Letscher had agreed and that a special concurrence noted he failed to challenge during the course of the proceedings. *See* Iowa Code § 811.2(7)(*a*)–(*b*) (2015) (authorizing motions and appeals of conditions of release on bail). The State asserts Letscher made forfeiture incidental and collateral to the central sentencing provisions by failing to challenge the bail conditions. *See, e.g., Iowa State Bank & Trust Co. v. Michel*, 683 N.W.2d 95, 110 (Iowa 2004) ("Although the filing of a notice of appeal generally deprives the district court of jurisdiction, the court 'retains jurisdiction to proceed as to issues collateral to and not affecting the subject matter of the appeal.' " (quoting *Landals v. George A. Rolfes Co.*, 454 N.W.2d 891, 897 (Iowa 1990))). Yet, the district court did not allow the bail to be

disbursed by the clerk of court collateral to sentencing so that Letscher would have had an opportunity to assert a challenge, but ordered forfeiture as a part of sentencing. A defendant is not required to object to a term of sentence to preserve error on appeal. *State v. Pearson*, 876 N.W.2d 200, 205 (Iowa 2016) ("[A] defendant may challenge an 'error[] in sentencing . . . on direct appeal even in the absence of an objection in the district court.' " (alteration in original) (quoting *State v. Lathrop*, 781 N.W.2d 288, 293 (Iowa 2010))).

When the district court applied the forfeiture condition, it took action to forfeit a portion of the appearance bond to pay the various financial obligations of the sentence. Accordingly, it passed judgment on the legal consequences of the terms of bail, and this action permitted Letscher to properly challenge the authority of the district court to take such action as a part of the sentence. *Cf. Alspach*, 554 N.W.2d at 884 (finding "challenges to restitution imposed as part of the original sentencing order, or supplemental orders," are part of the criminal proceedings, as opposed to "a later action . . . to modify the plan or extend its completion date," which are civil). The issue raised by Letscher is properly before us on this appeal.

**IV. Authority of the District Court to Forfeit Bail as a Term of Sentencing.**

We now consider the authority of the district court to order the forfeiture of a pretrial appearance bond as a term of a sentence. We begin with the general proposition that a sentence is illegal if it is not authorized by statute. *Louisell*, 865 N.W.2d at 597. No statutory sentencing provision exists in Iowa to authorize a court to forfeit bail. *See* Iowa Code ch. 901 (judgment and sentencing procedures); *id.* ch. 902 (felonies); *id.* ch. 905 (community-based correctional program);

*id.* ch. 906 (parole and work release); *id.* ch. 909 (fines); *id.* ch. 910 (restitution); *id.* ch. 911 (surcharge). Furthermore, the statutes governing a forfeiture of bail do not authorize forfeiture as a term of sentencing. *See* Iowa Code §§ 811.2, .6. Thus, forfeiture of bail has no support within the framework of our sentencing laws.

We recognize forfeiture of bail to satisfy court-imposed obligations was a statutorily recognized procedure in Iowa throughout much of our history. *See State v. Owens*, 112 Iowa 403, 407–08, 84 N.W. 529, 530–31 (1900) (citing Iowa Code Ann. § 5527 (1897)); *see also* Iowa Code § 3235 (1851); *State v. Schultz*, 245 N.W.2d 316, 318 (Iowa 1976) (citing Iowa Code § 765.4 (1975)). As in many jurisdictions, as well as federal law, our legislature formerly authorized the disbursement of bail funds following convictions to pay court-imposed obligations such as fines, surcharges, costs, and restitution.[1] The Iowa statute provided,

---

[1]*See* 28 U.S.C. § 2044 (2012) ("On motion of the United States attorney, the court shall order any money . . . deposited . . . with the court for the purposes of a criminal appearance bail bond . . . to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant."); Cal. Penal Code § 1297 (West, Westlaw current through 2016 Reg. Sess.) ("If the money remains on deposit at the time of a judgment for the payment of a fine, the clerk shall, under the direction of the court, if the defendant be the depositor, apply the money in satisfaction thereof . . . ."); Idaho Code Ann. § 19-2908 (West, Westlaw current through 2016 Second Reg. Sess.) ("When bail has been posted by cash deposit and remains on deposit at the time of the judgment, the clerk of the court shall, under the direction of the court, apply the money in satisfaction of fines, fees, costs and restitution . . . ."); 725 Ill. Comp. Stat. Ann. § 5/110-7(h) (West, Westlaw current through P.A. 99-906 of the 2016 Reg. Sess.) ("After a judgment for a fine and court costs or either is entered in the prosecution of a cause in which a deposit has been made . . . the balance of such deposit, after deduction of bail bond costs, shall be applied to the payment of the judgment."); Ind. Code Ann. § 35-33-8-3.2(a)(1) (West, Westlaw current through 2016 Second Reg. Sess.) ("[T]he court may require the defendant and each person who makes a deposit . . . to execute an agreement that allows the court to retain all or a part of the cash to pay publicly paid costs of representation and fines, costs, fees, and restitution . . . if the defendant is convicted."); Kan. Stat. Ann. § 22-2802(4) (West, Westlaw current through 2016 Reg. and Special Sess.) ("Any person charged with a crime who is released on a cash bond shall be entitled to a refund of all moneys paid for the cash bond, after deduction of any outstanding restitution, costs, fines and fees . . . ."); 15 Me. Rev. Stat. Ann. tit. 15,

> When money has been deposited by the defendant, if it remain on deposit at the time of a judgment against him, the clerk, under the direction of the court, shall apply the money in satisfaction of so much of the judgment as requires the payment of money, and shall refund the surplus, if any, to him, unless an appeal be taken to the supreme court, and bail put in, in which case the deposit shall be returned to the defendant.

Iowa Code § 765.4 (1977). But as part of the 1976 criminal code revisions, effective 1978, the legislature repealed this long-standing rule. *See* 1976 Iowa Acts ch. 1245, ch. 4, § 526 (repealing Iowa Code ch. 765 (1975)); *see also Estate of Lyon v. Heemstra*, No. 08–0934, 2009 WL 1676662, at *2–3 (Iowa Ct. App. June 17, 2009) (noting change in law); Op. Iowa Att'y Gen. No. 79-4-36 (Apr. 27, 1979), 1979 WL 20942, at *2 (noting Iowa legislature expressly repealed Iowa Code § 765.4). The repeal of this statute is a clear indication that our legislature no longer wanted to continue the practice of applying bail money to court-ordered

---

§ 1074(3) (West, Westlaw current through 2015 Second Reg. Sess.) ("The court may order all or a portion of the bail owned by a defendant that has not been forfeited to be first paid and applied to . . . [a]ny fine, forfeiture, penalty or fee . . . [,] restitution . . . [,] attorney's fees . . . [,] [and] [a]ny surcharge . . . ."); Mich. Comp. Laws Ann. § 765.15(2) (West, Westlaw current through P.A. 2016, No. 340 of the 2016 Reg. Sess.) ("If the court ordered the defendant to pay a fine, costs, restitution, assessment, or other payment, the court shall order [the payment] collected out of cash bond or bail personally deposited by the defendant . . . ."); Minn. Stat. Ann. § 629.53 (West, Westlaw current through 2016 Reg. Sess.) ("In case of conviction, the judge may order the money bail deposit to be applied to any fine or restitution imposed on the defendant by the court . . . ."); N.Y. Crim. Proc. Law § 420.10(1)(e) (McKinney, Westlaw current through L. 2016 chs. 1 to 503) ("Where cash bail has been posted by the defendant as the principal and is not forfeited or assigned, the court at its discretion may order that bail be applied toward payment of any order of restitution or reparation or fine."); N.D. Cent. Code Ann. § 29-08-28 (West, Westlaw current through 2016 Special Sess.) ("In the case of a conviction, the judge may order the moneys to be applied to any fine, cost, or restitution imposed on the defendant."); 12 R.I. Gen. Laws Ann. § 12-13-10 (West, Westlaw current through chapter 542 of the January 2016 Sess.) ("If the money remains on deposit at the time of a judgment . . . , the clerk must apply the money in satisfaction of the judgment . . . ."); Wis. Stat. Ann. § 969.03(4) (West, Westlaw current through 2015 Act 392) ("If a judgment of conviction is entered . . . , the balance of the deposit, after deduction of the bond costs, shall be applied first to . . . restitution . . . and then . . . to the payment of the judgment.").

obligations. *See Wieslander v. Iowa Dep't of Transp.*, 596 N.W.2d 516, 522 (Iowa 1999) ("The repeal of a statute typically destroys the effectiveness of the statute, and the repealed statute is deemed never to have existed.").

Iowa Code requires, in certain circumstances, conditions on pretrial release. *See* Iowa Code § 811.2(1) (2015). None of these conditions would support the sentence imposed here. Under our law today, conditions on bail are only imposed to assure the subsequent appearance of the defendant or protect the safety of others. *See id.*; *see also Shedlock v. Iowa Dist. Ct.*, 534 N.W.2d 656, 659 (Iowa 1995) (finding authority for pretrial release condition of no-contact order based on safety of others); *Luster v. Broderick ex rel. Scott Cty.*, 327 N.W.2d 224, 226 (Iowa 1982) ("The purpose of an appearance bond is to ensure the appearance of a released defendant as required."). The conditions are set by the court, not a clerk of court or an arresting officer. *See* Iowa Code § 811.2(1)(*a*); *id.* §§ 804.21–.22. Additionally, a statutory procedure is provided for the return of bail to the person who deposited it. *Id.* § 811.8. Finally, forfeiture is available, but only as a civil matter, and is triggered when a defendant fails to appear for court proceedings where appearance is required. *Id.* § 811.6; *see Costello*, 489 N.W.2d at 738.

This body of law would normally instruct that the State could not act to extract an unauthorized condition of bail from a defendant. Yet, while the jurisdiction of a court cannot be conferred by consent, authority may. *See Schaefer v. Putnam*, 841 N.W.2d 68, 80 n.13 (Iowa 2013) ("Unlike subject matter jurisdiction, which may not be conferred on a court by the parties, a 'court's authority can be obviated by consent, waiver or estoppel.'" (quoting *State v. Mandicino*, 509 N.W.2d 481, 483 (Iowa 1993))). Based on this proposition, the State argues that the

authority of the district court to order forfeiture at sentencing was derived from the consensual nature of the terms of bail in this case. We find any issue of consent is not properly before us in this appeal. No record exists to reveal the circumstances behind the bond form signed by Letscher. While the circumstances would suggest Letscher did not initiate and pursue the bail conditions, we cannot properly act on the issue without a record.

Notwithstanding, we also observe the authorization only addressed the authority of the clerk of court to use bail to pay any financial obligations. It did not authorize forfeiture by the court as a term of the sentence. As a result, we must return the case to the district court for the clerk to disburse the bail money as required by law. *See* Iowa Code § 811.8(2). In the event the clerk of court seeks to use the authorization to pay the financial obligations of the sentence, Letscher will have an opportunity to challenge the action in a separate district court proceeding, and the court will have the opportunity to adjudicate the issue based on a full and complete record. *See* Iowa R. Civ. P. 1.1401 (authorizing petition for writ of certiorari to claim a judicial officer exceeded its jurisdiction or otherwise acted illegally). Judicial review will also be available. *See id. rs.* 1.1410, 1.1412 (authorizing hearing and appeal on petition for writ of certiorari).

Finally, we address the argument made by the amicus filed in this case. It asserts the sentencing court merely exercised its authority to levy on a convicted defendant's assets, which happened to already be under the control of the court. *See generally* Iowa Code chs. 626, 639, 641; Iowa R. Crim. P. 2.26(1)(*d*)(1) ("Upon a judgment for a fine, an execution may be issued as upon a judgment in a civil case . . . ."). This argument, too, is conditioned on the forfeiture occurring outside of the

sentence. Because we conclude the court forfeited the bail money as part of the sentence, and without statutory authorization, we have no occasion to reach amicus's arguments. Nevertheless, we note generally the implicated policy considerations of making bail available, *see State v. Iglesias*, 517 N.W.2d 175, 186 (Wis. 1994) (Bablitch, J., dissenting) (noting potential chilling effect of levying on bail money posted by third parties), and not undermining the purpose of bail, which is securing appearance, *see Landau v. Vallen*, 895 F.2d 888, 892 (2d Cir. 1990) (discussing concern that attachment diminishes the incentive to appear and receive returned bail money). We also note applying bail money to court-imposed obligations such as restitution ignores the fact that the calculations for each amount may be different: $2000 may be what Letscher was required to put on the line to give him sufficient interest not to flee, but it is unclear whether a court would find Letscher reasonably able to pay the same in regular installments. *See* Iowa Code § 910.2 (authorizing plans of restitution); *Briggs*, 666 N.W.2d at 582 (noting bail is a lump sum set at what the court deems sufficient to ensure appearance); *State v. Van Hoff*, 415 N.W.2d 647, 648 (Iowa 1987) (noting restitution is based on a defendant's reasonable ability to pay). Finally, we note the court followed none of the ordinary procedures for attachment and execution. *See, e.g.*, Iowa Code § 626.12 (prescribing the form of execution); *id.* § 626.72 (authorizing claim contests); *id.* § 639.3 (prescribing form of petition asking for attachment); *id.* § 639.61 (requiring hearing on claim for attachment); *id.* § 641.2 (prescribing requirements to seek attachment of money due the state).

The disposition of pretrial bail money is not an authorized part of sentencing, and therefore, a sentencing court is without statutory

authority to forfeit bail as a part of a sentence. Action taken against bail must comply with the statutory terms and conditions.

**V. Conclusion.**

We conclude the district court was without authority to forfeit bail as a part of the sentencing order in this case. We strike paragraph 6 from the sentencing order and remand the case to the district court for further action on the bail. We otherwise affirm the decision of the court of appeals in part and vacate in part and affirm the judgment and sentence of the district court.

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT AND SENTENCE AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.**