**IN THE COURT OF APPEALS OF IOWA**

No. 16-1073
Filed May 17, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CLIFTON L. JOHNSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Mary Pat Gunderson,

Judge.

        Clifton Johnson appeals the district court's imposition of consecutive

sentences.  **AFFIRMED.**

        Travis M. Armbrust of Brown, Kinsey, Funkhouser & Lander, P.L.C.,

Mason City, for appellant.

        Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney

General, for appellee.

        Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

Clifton Johnson has a lengthy criminal record dating back to 1990. Until 2015, his convictions in Iowa were for offenses that were, at most, aggravated misdemeanors, including two serious-misdemeanor convictions for possession of a controlled substance, in 2004 and 2014, respectively.

In March 2015, Johnson was charged in case number FECR284624 with two felonies: first-degree theft and felony eluding. *See* Iowa Code §§ 321.279(3), 714.2(1) (2015). Johnson pled guilty to felony eluding as charged and to the lesser offense of operating a vehicle without the owner's consent, an aggravated misdemeanor. *See id.* §§ 321.279(3), 714.7. Johnson was sentenced to five years on the eluding conviction and two years on the operating-without-consent conviction, ordered to be served concurrently, but the sentences were suspended and Johnson was placed on probation for two years. As part of his probation, Johnson agreed to participate in a residential-treatment program.

In 2016, law enforcement officials were dispatched to a location concerning a dispute, and Johnson was one of the individuals at the location. At that time, a warrant was out for Johnson's arrest because he had been dismissed from the treatment program in violation of his probation agreement. Johnson was arrested and searched, and cocaine, methamphetamine, and marijuana were found on his person. Johnson was subsequently charged as a habitual offender in case number AGCR293160 with three counts of possession of a controlled substance, third offense, in violation of sections 124.401(5) and 902.8.

In AGCR293160, Johnson pled guilty to one count of possession of a controlled substance, third offense, without the habitual-offender enhancement.

This offense is a class "D" felony, which carries a maximum sentence of five years. *See id.* §§ 124.401(5), 902.9(1)(e). As part of the plea agreement, both the State and Johnson agreed Johnson violated his probation agreement in FECR284624, and as a result, probation would be revoked and his previously suspended, concurrent sentences would be imposed. However, the State was free to argue that Johnson's sentence in AGCR293160 be imposed consecutively to his sentence in FECR284624, whereas Johnson argued for concurrent sentences. After a hearing, the district court ordered Johnson's five-year sentence in AGCR293160 be run consecutively to his five-year sentence in FECR28462, for a total period of ten years.

Johnson now appeals the district court's decision to run his sentences consecutively and not concurrently. He asserts the court's sentencing decision "does not afford him the maximum opportunity to rehabilitation," asserting a concurrent sentence would allow him an opportunity to enter treatment sooner. He also notes his crime was not violent, and, as his argument goes, "therefore lacks the seriousness that would require an extended prison sentence." Additionally, he suggests the court's sentencing decision was "an attempt to thwart a perceived risk of early parole."

Sentencing decisions within the statutory limits will not be reversed "absent an abuse of discretion." *State v. Letscher*, 888 N.W.2d 880, 883 (Iowa 2016); *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). An abuse of discretion occurs where the district court "exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable," meaning the court's ground or reason is "not supported by substantial evidence or . . . is based on an erroneous

application of the law." *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). "We give sentencing decisions by a trial court a strong presumption in their favor." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). "In exercising discretion, the district court must 'weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform.'" *State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015) (citation omitted).

Upon our review of the record, we find no abuse of discretion by the district court in determining the sentences should be run consecutively. Here, the district court explained it was running the sentence consecutively to the sentence in FECR284624

> based on the separate and serious nature of the offense. It is . . . also because of [your] prior criminal history, which is fairly extensive . . . . It's based on your age, your substance-abuse history, [and] the nature of the offense committed. Those are some of the things that the court has considered in making this sentencing determination.
>
> The court has determined that probation is not appropriate because it wouldn't provide maximum opportunity for rehabilitation and protection of the public.

Although the recitation by the court is not lengthy, the district court properly considered various factors and options when imposing consecutive sentences on Johnson. Nothing in the punishment exceeds statutory limitations, and it is not for this court on appeal to substitute our judgment as to what might have been the appropriate sentence. The consecutive sentences were neither unreasonable nor based on untenable grounds. Therefore, there was no abuse of discretion. We affirm the consecutive sentences imposed by the court.

**AFFIRMED.**