# IN THE COURT OF APPEALS OF IOWA

No. 16-2181
Filed September 13, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SHANE W. TRIMBLE,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Casey D. Jones, District Associate Judge.

The defendant appeals the sentence imposed after his guilty plea for driving while barred. **AFFIRMED**

Thomas J. Viner of Viner Law Firm, P.C., Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

On January 14, 2016, it was alleged that Shane Trimble was driving his motor vehicle while barred. Cedar Rapids police officers stopped Trimble when a license plate check revealed the vehicle he was driving had been stolen. The police officers then reviewed Trimble's driving record with the Iowa Department of Transportation and discovered he was barred from driving.

On February 15, the State charged Trimble with the crime of driving while barred, pursuant to Iowa Code sections 321.560 and 321.561 (2016). On December 7, Trimble filed a guilty plea and a waiver of rights. The guilty plea described Trimble's plea bargain with the State as "60 days in jail with credit, 300 days suspended, minimum fine [illegible amount], and one year unsupervised probation."

Following the acceptance of Trimble's guilty plea, the court sentenced Trimble to 360 days imprisonment with all but sixty days of the term suspended, pursuant to the agreement of the parties. In its sentencing order, the court stated:

> The reasons for this sentence include information provided to the court at sentencing and as set out in the court file herein, including the defendant's age, family circumstances, education, prior criminal record, the facts and circumstances of this offense, and the belief that this sentence will provide the greatest benefit to the defendant and the community. The court has also considered the parties' plea agreement.

Trimble appealed, claiming the sentence was not appropriate. Trimble also claims the sentencing court abused its discretion by failing to state on the record its reasons for sentencing. The State claims proper discretion was exercised because the sentence was within the statutory guidelines and the

factors articulated in the sentencing order were sufficient. We agree with the State.

Sentencing decisions issued within the statutory guidelines are reviewed for an abuse of discretion. *State v. Letscher*, 888 N.W.2d 880, 883 (Iowa 2016); *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). An abuse of discretion occurs when the district court "exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable," or when the ground or reason is "not supported by substantial evidence or . . . is based on an erroneous application of the law." *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). "We give sentencing decisions by a trial court a strong presumption in their favor." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). "In exercising discretion, the district court must 'weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform.'" *State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015) (citation omitted).

The maximum penalty for an aggravated misdemeanor is a term of imprisonment not to exceed two years. *See* Iowa Code § 903.1. Here, the court sentenced Trimble to 360 days. The court then suspended all but sixty days of the sentence. The sentence was within the statutory guidelines and supported by the parties' plea agreement. *See State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983) (holding a sentence adopting the parties' plea agreement is "not the product of the exercise of trial court discretion but of the process of giving effect to the parties' agreement").

Moreover, the record shows the sentencing court considered the proper factors when issuing the sentence, including the defendant's age, family circumstances, education, prior criminal record, the facts and circumstances of the offense, benefit to the defendant and community, and the parties' plea agreement. The court's analysis was sufficient to "weigh all pertinent matters in determining a proper sentence." *See Thacker*, 862 N.W.2d at 405. The sentencing court did not abuse its discretion.

**AFFIRMED.**