# IN THE COURT OF APPEALS OF IOWA

No. 17-0566
Filed February 21, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CHRISTOPHER ALLEN BEALS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dallas County, Paul R. Huscher, Judge.

Christopher Beals appeals the sentence imposed following his plea of guilty to possession of a controlled substance, fentanyl, third offense, as an habitual offender. **AFFIRMED.**

Jesse A. Macro Jr. of Macro & Kozlowski, LLP, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., Vaitheswaran, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**CARR, Senior Judge.**

Christopher Beals appeals the sentence imposed following his plea of guilty to possession of a controlled substance, fentanyl, third offense, as an habitual offender. He contends the district court abused its discretion in imposing a term of incarceration rather than suspending his sentence. Specifically, Beals argues the district court considered an impermissible factor in sentencing him.

**I. Background Facts and Proceedings.**

Following a 2016 traffic stop, the State charged Beals with possession of a controlled substance, third offense, and driving while revoked. The parties entered into a plea agreement that encompassed several criminal cases pending against Beals; Beals agreed to plead guilty to the possession charge, and the State agreed to dismiss the driving-while-barred charge. In addition, the State agreed to recommend that the court suspend Beals's sentence and place him on probation for a three-year period. During the plea colloquy, the district court informed Beals that the agreement was not binding on the court, which could impose any sentence up to the maximum, and asked Beals if he understood. After Beals answered affirmatively and asserted his desire to plead guilty, the district court accepted his plea.

Before sentencing, Beals, through counsel, filed a motion in arrest of judgment, alleging that his guilty plea was not knowing and voluntary because at the time he entered it, he was "suffering from the effects of involuntary intoxication by an injection of horse tranquilizers." Beals later withdrew the motion. Following a hearing, the court sentenced Beals to a fifteen-year prison term with a three-year mandatory minimum sentence.

**II. Scope and Standard of Review.**

Our standard of review is for correction of errors at law. *See State v. Letscher*, 888 N.W.2d 880, 883 (Iowa 2016). We will affirm a sentence that is within the statutory limits absent an abuse of discretion. *See State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2017). We will find an abuse of discretion only if the court acted on clearly untenable grounds or to a clearly unreasonable extent. *See State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2016). Sentencing decisions enjoy a presumption of validity; Beals must make an affirmative showing that the sentencing court relied on improper factor to overcome the presumption. *See id.* at 554; *State v. Knight*, 701 N.W.2d 83, 86 (Iowa 2005) ("[T]he use of an impermissible sentencing factor is an abuse of discretion and requires resentencing.").

**III. Discussion.**

In sentencing a defendant, the court must consider which sentence "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5 (2016). The court must also consider and weigh other pertinent factors, "including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform." *State v. Formaro*, 636 N.W.2d 720, 725 (Iowa 2002). Before deferring or suspending sentence, "the court must additionally consider the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors, as well as which of the sentencing options would satisfy the societal goals of sentencing." *Id.*

Beals alleges the sentencing court abused its discretion in failing to grant the probation term recommended by the prosecutor under the plea agreement, choosing instead to impose a prison term, because it considered an impermissible factor in sentencing him. Beals claims the court considered his filing of a motion in arrest of judgment when it determined his sentence.

At the sentencing hearing, the court noted the presentence investigation report set forth a criminal history dating back twenty-two years, which included a number of probation revocations. The court told Beals, "There is nothing that I can see in your prior criminal history that would indicate any likelihood that you would be successful on probation." The court then asked Beals about allegations that were made in his motion in arrest of judgment concerning his intoxication at the time he entered his guilty plea, which contradicted what Beals told the court at the guilty-plea hearing. The court concluded by stating:

> I have reviewed the presentence investigation report. I have considered the circumstances of these offenses, [Beals]'s prior criminal history, his potential for successfully completing a probation, and the court finds that probation is not warranted in this case; that . . . it would unduly minimize the offenses and the circumstances of these offenses, and it would not adequately protect the public from further criminal offenses by this defendant.

The court imposed a fifteen-year term of incarceration with a three-year mandatory minimum sentence, as outlined in section 902.8.

Although the court inquired into the allegations made in Beals's motion in arrest of judgment, nothing in the record indicates the court relied on the filing of the motion or the information contained within it when it sentenced Beals. The court considered the proper factors in sentencing Beals—his lengthy criminal history, prior failures to successfully complete probation, and the likelihood he

would be successful if granted probation again. Weighing these factors against the need to punish Beals and protect society, the court declined to follow the plea recommendation and imposed a sentence of incarceration. Nothing in the record indicates that the court abused its discretion in sentencing Beals by relying on an improper factor. Because Beals has failed affirmatively to show the district court relied on an improper factor in sentencing him, we affirm the sentence imposed.

**AFFIRMED.**