**THE COURT OF APPEALS OF IOWA**

No. 17-2046
Filed June 6, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ZACHARY DONOVAN LEE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Monona County, Jeffrey L. Poulson,

Judge.

        The defendant appeals his sentence.  **AFFIRMED.**

        Robert B. Brock II of Law Office of Robert B. Brock II, P.C., Le Mars, for

appellant.

        Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney

General, for appellee.

        Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**POTTERFIELD, Judge.**

Zachary Lee appeals the sentence he received for his conviction for theft in the second degree—a term of incarceration not to exceed five years.[1] He maintains the district court failed to adequately state its reasons on the record for the sentence it imposed. He asks that we remand for resentencing.

We review sentencing decisions for correction of errors at law. *State v. Letscher*, 888 N.W.2d 880, 883 (Iowa 2016). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.* (citation omitted). Where, as here, the sentence imposed is within the statutory limits, it is cloaked with a strong presumption in its favor. *See State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000); *see also* Iowa Code §§ 714.2(2) (2017) (providing theft in the second degree is a "D" felony), 902.9(1)(e) (stating a class "D" felon "shall be confined for no more than five years").

Iowa Rule of Criminal Procedure 2.23(3)(d) requires the sentencing court to adequately cite its reasons for the sentence on the record. Failure to do so is ordinarily reversible error. *See State v. Thacker*, 862 N.W.2d 402, 409 (Iowa 2015). The court's stated reasons must be "sufficient to allow meaningful appellate review." *Id.* The statements may be "succinct and terse . . . as long as the brevity displayed does not prevent us from reviewing the exercise of the trial court's sentencing discretion." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).

---

[1] Pursuant to a plea agreement, Lee also entered a guilty plea to the reduced charge of fourth-degree criminal mischief, for which he was sentenced to 120 days in jail that were to be served consecutively to the sentence the court chose to impose for the second-degree theft conviction. Lee does not challenge his sentence for criminal mischief in the fourth degree.

At the sentencing hearing, the State advocated for the court to impose a term of incarceration, while Lee requested that the court suspend the sentence and order Lee to obtain a mental-health evaluation and follow through with any treatment prescribed. The court sentenced Lee to a term of incarceration not to exceed five years, stating:

> The Court has considered all of the sentencing options available to it under Iowa law.
> Mr. Lee, I've—I've pondered what to do with your file, and simply I'm having difficulty finding redeeming value. You've been in trouble before, you've been on probation, you—you were in trouble even after arrested. And I just don't see that a period of probation is going to do anything than delay the inevitable.
> Therefore I am going to impose the five-year sentence recommended in the Presentence Investigation report. . . .
> . . . .
> The reasons supporting this sentence include those I've already stated, plus the Court's determination that incarceration will provide for the maximum opportunity for defendant's rehabilitation. The court finds it's necessary for the protection of the community from further offenses by this defendant and others. I have considered defendant's age, prior record, the fact that he doesn't have a job, the contents of the Presentence Investigation, and the plea agreement.

In its written judgment and sentence, the court indicated the same factors were the reason for the sentence imposed.

Lee maintains the district court provided only "boilerplate language," which is insufficient to satisfy the requirements of rule 2.23(3)(d). *See Thacker*, 862 N.W.2d at 410. We disagree. The district court's recitation of reasons establishes that the court considered facts and circumstances specific to Lee and then exercised its discretion in determining what sentence to impose. We cannot say

the district court abused its discretion in sentencing Lee to a term of incarceration not to exceed five years.

**AFFIRMED.**