**IN THE COURT OF APPEALS OF IOWA**

No. 17-1447
Filed June 6, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ELISA MARIE HARPER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

The defendant appeals her sentence. **SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

Andrew J. Dunn of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**POTTERFIELD, Judge.**

Elisa Harper appeals the sentence imposed by the district court for her conviction for fourth-degree theft. She maintains the district court failed to adequately state its reasons on the record for the sentence it imposed and asks that we remand for resentencing.

We review sentencing decisions for correction of errors at law. *State v. Letscher*, 888 N.W.2d 880, 883 (Iowa 2016). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.* (citation omitted).

Harper was originally charged by trial information with extortion, a class "D" felony. In a written guilty plea, Harper pled guilty to theft in the fourth degree. Her written plea states that the plea agreement is "susp sent. prob w/ mental health treatment and rest." Sentencing was unreported, but the form sentencing order establishes that Harper was sentenced to a suspended one-year sentence with one year of probation and ordered to obtain a mental-health evaluation, follow treatment recommendations, and make restitution.

Under the section of the sentencing order that provides for "sentencing considerations," the court failed to check any boxes that indicate what factors the court found significant in determining the sentence. The court also did not check the "plea agreement" box.

Harper maintains we should remand for resentencing because the court violated its duty to provide reasons on the record for the sentence imposed. *See* Iowa R. Crim. P. 2.23(3)(d). As she correctly notes, "[w]hen the defendant waives the reporting of the sentencing hearing," rule 2.23(3)(d) "requires the judge to

include in his or her sentencing order the reason for the sentence" imposed. *State v. Thompson*, 856 N.W.2d 915, 920–21. The State responds that the court need not provide reasons for the sentence imposed because the court was merely giving effect to the parties' agreement. *See State v. Cason*, 532 N.W.2d 755, 757 (Iowa 1995). But such an argument misses the mark. The court was not bound by the plea agreement, and it is unclear from the record before us if the court chose to sentence Harper pursuant to the agreement or if the court exercised discretion in imposing the sentence. We cannot assume the court gave effect to the agreement. *See State v. Thacker*, 862 N.W.2d 402, 410 (Iowa 2015) (remanding to the district court for resentencing when the district court remarked that it was sentencing the defendant subject to the plea agreement but the agreement was not contained in the record, preventing the appellate court from determining if sentencing had actually taken place pursuant to the agreement). "Looking *on the record*, we do not know whether the district court exercised its discretion, simply accepted the parties agreement, or did a little of both." *Id.*

We cannot conclude the district court adequately stated reasons for its sentence on the record as required by Iowa Rule of Criminal Procedure 2.23(3)(d). Thus, we vacate the sentence and remand to the district court for resentencing.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**