# IN THE COURT OF APPEALS OF IOWA

No. 19-0932
Filed March 4, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**PATRICK PERSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dubuque County, Michael J. Shubatt, Judge.

        Patrick Person appeals the sentences imposed following his conviction for two counts of theft in the second degree, eight counts of forgery, and one count of ongoing criminal conduct. **AFFIRMED**.

        Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

        Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

        Considered by Bower, C.J., and Greer and Ahlers, JJ.

**AHLERS, Judge.**

After pleading guilty to eleven felony charges, Patrick Person requested deferred judgments at the time of sentencing. The district court denied the request and adjudicated Person guilty of all eleven charges. In spite of the suspension of the prison sentences imposed, Person appeals, claiming the district court abused its discretion by not granting his request for deferred judgments.

Person pleaded guilty to two counts of theft in the second degree in violation of Iowa Code sections 714.1(6) and 714.2(2) (2018) and eight counts of forgery in violation of Iowa Code section 715A.2(2)(a). Each charge is a class "D" felony. He also pleaded guilty to ongoing criminal conduct in violation of Iowa Code section 706A.2(4), a class "B" felony.

The charges stem from a scheme undertaken by Person over the course of a thirty-one-day period. The scheme involved Person: (1) cashing checks drawn on the account of a separate business entity co-owned by Person when Person knew there was insufficient money in the account to cover the checks; (2) depositing checks in his personal account that were drawn on the business account of the entity owned by Person followed by Person immediately withdrawing cash from the personal account while knowing that the deposited checks would not be honored; and (3) creating and cashing fictitious payroll checks purporting to be drawn on three business entities with which Person had no affiliation and which did not authorize the checks.

At the sentencing hearing, the State recommended adjudication of guilt on all charges, with the sentences to be served concurrently to each other and the terms of incarceration suspended. This recommendation echoed that set forth in

3

the presentence investigation report (PSI). Person, on the other hand, recommended deferred judgments on all charges.

The district court followed the recommendation of the State and the PSI author, adjudicating Person guilty of all eleven charges, imposing five-year prison sentences for each theft and forgery charge and a twenty-five-year prison sentence for the ongoing criminal conduct charge. The prison sentences were ordered to be served concurrently, but the sentences were suspended. Person claims the district court abused its discretion in not granting his request for deferred judgments.

We review sentencing decisions for correction of errors at law. *State v. Letscher*, 888 N.W.2d 880, 883 (Iowa 2016). "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). An abuse of discretion occurs "[w]hen the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014).

In support of his request for deferred judgments at the sentencing hearing, Person gave an allocution that included his explanation of why he committed the crimes. Person claimed that he and a business partner opened a business and the business closed after approximately two months. He claimed his business partner made false deposits into the business bank account to make it look to Person like there was money in the account. Payroll checks were issued to employees by Person. According to Person, when the payroll checks bounced, he

wrote checks to himself, cashed them, and gave the cash to the employees to satisfy the payroll obligations of the business.

Person's brief generally repeats the arguments made at the time of sentencing, setting forth the reasons why Person believes deferral of judgment was appropriate. Person's argument relies heavily on the explanation given by Person during his allocution. As the State accurately notes, there is no corroboration of Person's version of events. Even if his story is true, it is not clear how satisfying his business's payroll obligations by stealing from multiple other businesses where he cashed the checks or made fraudulent deposits makes him any less culpable for his crimes. Just as importantly for purposes of the issue on appeal, he fails to persuasively articulate how the district court's rejection of his arguments in favor of deferred judgments constituted an abuse of discretion. In rejecting Person's arguments, the district court gave the following explanation for the sentences imposed:

> I did have an opportunity, even before we came in, to review this case at some length, look over the presentence investigation. And it's true that Mr. Person did have a prior deferred judgment for a domestic abuse assault causing bodily injury back in 2010. That does not disqualify him from receiving a deferred judgment. It's a factor the Court can take into consideration. Frankly, the Court doesn't give it a lot of weight in the determination here. It has some significance.
>     The only other things that I see in the last eight years are some driving offenses, a couple of failure to maintain control, and then we get to the present offenses.
>     The biggest issue that I have in terms of a deferred judgment on the present offense is not the prior deferred judgment that was entered but the fact that this was part of a plan or a scheme that took place over time. It wasn't a singular, impulsive decision that a person stacked in the heat of the moment and did something wrong. It goes beyond making bad business decisions. People do that all the time, get into businesses that they can't afford, or even if they can afford, the circumstances change and they're not able to continue.

I think at some point [defense counsel] used the word what an adult would do. Well, Mr. Person's 27, 28 years old at the time of these offenses, so he is an adult.

I do not believe that this is a deferred judgment case because of the nature of the acts and the period of time over which they occurred and the calculation that was on Defendant's part, and also the number of different entities that were drawn into this because of the—basically what's laid out in the Minutes of Testimony. I think it was a series of poor choices rather than something impulsive.

So taking everything together, I am not going to defer judgment.

Since the district court adequately explained the reasons for the sentences imposed and did not consider any impermissible factors, we conclude the district court did not abuse its discretion by denying Person's request for deferred judgments. Therefore, we affirm.

**AFFIRMED.**