# IN THE COURT OF APPEALS OF IOWA

No. 24-1396
Filed July 23, 2025

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**TYLER LASHUN MARSHALL,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, David M. Cox, Judge.


A criminal defendant contends the district court abused its discretion in considering allegedly improper factors in declining to grant him a deferred judgment. **AFFIRMED.**


Webb L. Wassmer of Wassmer Law Office, PLC, Marion, for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.


Considered without oral argument by Schumacher, P.J., and Buller and Sandy, JJ.

**SANDY, Judge.**

Tyler Marshall strangled the mother of his child (in the presence of the crying child). He then led police on a high-speed chase. Marshall pled guilty to domestic abuse strangulation causing bodily injury, in violation of Iowa Code section 708.2A(5) (2022), and eluding, in violation of Iowa Code section 321.279(2)(a). The district court sentenced Marshall to a term of imprisonment not to exceed five years. In this appeal, Marshall contends the district court abused its discretion in considering allegedly improper factors in declining to grant Marshall a deferred judgment. We affirm.

## I.     Background Facts and Proceedings.

Marshall strangled the mother of his child causing her bodily injury. He did so in the presence of their child. A neighbor called law enforcement after hearing the raucousness. Marshall, upon learning of law enforcement being called, took the victim's car and led police on a high-speed chase. Law enforcement abandoned the pursuit given the dangerous high speeds. About one year after the criminal complaint was filed, Marshall was arrested in Tennessee and transported back to Iowa. It is undisputed that Marshall failed to report to the Department of Correctional Services (DCS) as required by his pre-trial release conditions.

Marshall pled guilty to domestic abuse assault impeding air or blood flow causing bodily injury and to eluding. At sentencing Marshall requested a deferred judgment. The State requested a seven-year term of imprisonment. The district court sentenced Marshall to a five-year prison sentence. The district court reasoned:

The Court has considered the [presentence investigation report (PSI)] in its entirety. I do note that it does mention a couple pending charges which the Court cannot really consider, so I disavow those statements in the PSI and any statements here in the sentencing hearing about currently pending charges.

The Court also only considers the charges to which [Marshall] has pled guilty here today, . . . and not the other charges that are being dismissed as part of the plea agreement.

The Court does note that in the criminal history that there is a Possession of a Controlled Substance, Third or Subsequent Offense. I did not see the first or second charges in there, but since it's Third or Subsequent Offense the Court can assume there's been at least two prior convictions before that.

The Court also read portions of the PSI related to [Marshall]'s version of events as well as his social history and his childhood. The Court found two things notable here; one is that [Marshall] does not seem to consider that he has a drug problem despite his prior convictions, one of which occurred in 2022. So maybe he doesn't have a problem now, but it looks like at least over time he had access to and a problem with drugs.

The other thing that the Court looked at was [Marshall]'s version of events. And the way the Court read that is that it seemed more that he felt he was sorry for putting people in danger related to the eluding, and I really didn't see him taking any acknowledgment or any ownership of the domestic abuse portion itself, so I did read that carefully to look.

The Court, on [the domestic abuse assault impeding air or blood flow offense], will impose a five-year sentence, minimum fine of $1,025 and 15 percent surcharge and a $90 domestic abuse surcharge. [Marshall] will be required to provide DNA and also take some form of batter[er]'s education program.

. . . .

Okay. So there will also be a no contact order put in place for the next five years.

On [the eluding offense], the Court will impose a two-year sentence, minimum fine of $855 with 15 percent surcharge.

The question then is whether to run those concurrently or consecutively, or whether to suspend those. The Court does not find [Marshall] is an appropriate person for a deferred judgment, based on his history of absconding from the state after the events took place and that his failure to sign up for the department and things while on pretrial release.

He's also had other contact with the court system and doesn't seem to have learned, despite his jail terms or other sentences related to those offenses, and so the Court will not do a deferred judgment.

The Court will impose prison time. And while I agree with the State that they are technically two separate events, there was a choking incident and then there was a separate eluding, I do think that based on his minimum criminal history outside of the drug convictions, that the Court can consider at the time of sentencing today that it's more appropriate to run those sentences concurrently as opposed to consecutively.

. . . .

In determining the sentence, I considered the entirety of the PSI report except those portions I disavowed earlier. I considered the nature and circumstances of the offense, the history and characteristics of [Marshall], including [Marshall]'s age, prior criminal record, and the recommendations of both counsel. I believe that this prison term will provide [Marshall] with maximum opportunity for rehabilitation, as well as protection for our community for further offenses by [Marshall].

## II. Analysis.

### A. Good Cause

Pursuant to Iowa Code section 814.6(1)(a)(3) (2024), "good cause" for an appeal must be shown when the appeal is from a guilty plea and sentencing. "[G]ood cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). As Marshall challenges only his discretionary sentence, good cause has been established.

### B. Standard of Review

We review sentencing decisions for correction of errors at law. *State v. Letscher*, 888 N.W.2d 880, 883 (Iowa 2016). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.* (citation omitted). A sentence within statutory limits, like Marshall's, receives a "strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

## C. Sentencing Discretion

Marshall contends the district court abused its discretion by sentencing him to a term of imprisonment rather than granting him a deferred judgment. More specifically, Marshall argues that the district court considered two improper factors: (1) that Marshall had left Iowa and failed to report to DCS as a condition of his pretrial release (in addition to failing to meet with DCS for preparation of the PSI); and (2) that Marshall has had "other contact with the court system and doesn't seem to have learned, despite his jail terms or other sentences related to those offenses." Marshall reasons that an abuse of discretion occurred because the record did not show he absconded, he had legitimate reasons for not contacting DCS as ordered, and he had no criminal history the court could consider. We disagree.

Semantical gamesmanship over the meaning of "abscond" aside, it is uncontroverted that Marshall left Iowa for Tennessee after he committed the crimes here and the Linn County Sheriff's Office was sent an invoice for having Marshall transported from Memphis, Tennessee to Linn County. No evidence was presented that Marshall informed DCS he was in Tennessee. And the district court was free to consider such activity in consideration of Marshall's request for a deferred judgement. *State v. Mbonyunkiza*, No. 14-1283, 2016 WL 7395720, at *8–9 (Iowa Ct. App. Dec. 21, 2016) (holding district court did not abuse its discretion when imposing consecutive prison sentences when it considered, among other things, the defendant's voluntary absence and flight from this jurisdiction); *State v. Conlon*, No. 04-2049, 2005 WL 2757135, at *2 (Iowa Ct. App. Oct. 26, 2005) (holding that district court could consider the defendant's failures to

appear and arrest in California six years later when PSI contained that information).

And Marshall does not argue that he communicated with DCS. Rather, he asked the district court to excuse his failure to do such because he was having "issues with his mail and phone." The district court was free to reject such an explanation and give whatever credibility determination it felt appropriate. And such conduct was relevant to the issue of Marshall's likelihood for future success on probation—which he was requesting. Iowa Code § 901B.1.

Relative to Marshall's criminal history, on July 9, 2022, Marshall was charged with possessing a controlled substance, third or subsequent offense. The domestic abuse offense subject to this appeal occurred on July 5, 2022. There is some dispute between the parties as to the timing of the offenses in relation to one another. And because the district court stated that Marshall "doesn't seem to have learned, despite his jail terms," Marshall wants us to assign some relevance to the timing. But we will not. Whether such "contact with the court system" occurred before or after the domestic abuse offense, the proposition that he "should have learned" would be true. Marshall wants us to draw the conclusion that the district court's statement that his "other contact with the court system" was impermissible. We disagree.

First, the district court was never specific as to what "other contact with the court system" it was referencing. Marshall asks us to read into the record specific criminal charges that the district court never specifically referenced. Second, as the State well articulates, the district court could infer prior predicate controlled substance convictions because they are a legal requirement for the charge of a

possession—third conviction.  Hence the district court's use of the word "offenses."
And third, Marshall's pretrial release conduct in ignoring court orders (failing to contact DCS on pretrial release, failing to contact DCS to complete the PSI, and failing to appear for sentencing) manifested a failure on his part to learn from his "contact with the courts."

The district court's sentence of up to five years in prison was within the statutory range for Marshall's class "D" offense.  So it is "cloaked with a strong presumption in its favor and will only be overturned for an abuse of discretion or the consideration of inappropriate matters."  *State v. Wilbourn*, 974 N.W.2d 58, 65 (Iowa 2022) (citation omitted).  The "right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard."  *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983).  As a result, we find no abuse of discretion in the court's sentencing decision.

**AFFIRMED.**