**IN THE COURT OF APPEALS OF IOWA**

No. 24-1667
Filed July 23, 2025

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**DEBBIE ANN BROOM,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Scott County, Michael Motto, Judge.


　　　　A criminal defendant appeals her sentence following her conviction for third-degree theft, arguing the court abused its discretion when it imposed its sentence. **AFFIRMED.**


　　　　Sonia Elossais of Carr Law Firm, P.L.C., Des Moines, for appellant.

　　　　Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.


　　　　Considered without oral argument by Schumacher, P.J., and Buller and Sandy, JJ.

**SANDY, Judge.**

The district court sentenced Debbie Broom to two years in prison for stealing $39.67 worth of items from Walmart. Broom appeals her sentence following her conviction for third-degree theft. She contends the court abused its discretion when it imposed its sentence. We affirm.

## I.     Background Facts and Proceedings.

In August of 2023 Debbie Broom stole $39.67 worth of items from Walmart. Although the value of the items fell within the range for fifth-degree theft—a simple misdemeanor—the charge was enhanced to third-degree theft given the number of Broom's previous theft convictions. In July 2024, Broom filed a written guilty plea to theft in the third-degree in violation of Iowa Code section 714.2(3) (2023). There was no agreement as to sentencing. A contested sentencing hearing occurred in October 2024. The state made no sentencing recommendations. Broom requested seven days of incarceration. Following the court's review of the PSI, presentation of argument and evidence, Broom was sentenced to a term of incarceration not to exceed two years. In articulating the reason for its sentence, the court stated:

> My job, when fashioning a sentence, is to go from the—look at the least restrictive means, which would just be street probation and then work my way towards the most restrictive means and go to prison. We start with the least restrictive and go towards the most. I'm supposed to consider both your rehabilitation, but also protection of the community in fashioning the sentence. Miss Broom, I'll say I've never—you know, I haven't had anybody with a kleptomania diagnosis before. Without documentation, I'll accept it that you've got that diagnosis, and your attorney did a good job analogizing it to drug and alcohol use. The reality is, though, you've got a criminal history going back to 1987. First felony was in '87, you went to prison in '88. You have, like—I think I counted fifty misdemeanor convictions, eight felony convictions—thirty-three of those are for

thefts—you've got some forgeries, some credit card fraud. You actually have two convictions that postdate getting this, so you haven't really made that progress. And no matter what your reasoning is, this type of criminal history for the past forty years, I just need to protect the community. You know, you haven't really shown remorse. You've kind of given me excuses. You know, you're not employed.

. . . .

I don't have any way to say that there's rehabilitation in the community, and it wouldn't make a difference if I had a doctor's letter at this point saying you've got kleptomania, because that would only be one factor. So I am going to sentence you to the two years in prison. I'm not going to suspend it for the protection of the community, but all the other reasons that I mentioned. There's just too much of a criminal history that's pretty much nonstop since the late '80s. With your age and everything else, I think it's appropriate.

## II. Analysis.

### A. Good Cause

Pursuant to Iowa Code section 814.6(1)(a)(3) (2024), "good cause" for an appeal must be shown when the appeal is from a guilty plea and sentencing. "[G]ood cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). Because Broom challenges only her discretionary sentence, good cause has been established.

### B. Standard of Review

We review sentencing decisions in a case such as this—weighing of sentencing factors—for an abuse of discretion. *State v. Letscher*, 888 N.W.2d 880, 883 (Iowa 2016) ("We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure.").[1] A sentence

---

[1] An error at law review in sentencing appeals is appropriate when the sentence exceeds the statutory term or is otherwise unlawful.

within statutory limits, like the defendant's, receives a "strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

## C. Sentencing Discretion

Broom contends the district court abused its discretion by sentencing her to a term of imprisonment rather than probation. Specifically, she argues the district court placed disproportional emphasis on her criminal history and in so doing failed to consider all necessary sentencing factors—namely her mental health diagnosis of kleptomania. But that is simply not true.

Just because Broom did not get the sentence she desired nor expected does not mean the district court erred. *See id.* at 725 ("Yet, this does not mean the choice of one particular sentencing option over another constitutes error.") The district court explicitly stated that it was accepting her kleptomania diagnosis as true. However, the district court balanced such diagnosis with its concern for community safety. The district court's sentence of up to two years in prison was within the statutory range for Broom's aggravated misdemeanor offense. So it is "cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Wilbourn*, 974 N.W.2d 58, 65 (Iowa 2022) (citation omitted).

Addressing Broom at the sentencing hearing, the court explained that its decision to sentence her to a term of imprisonment was based on its concerns for community protection and Broom's recidivism. Broom does not deny the propriety of these considerations, and rightly so. *See* Iowa Code § 901.5 (2023) (requiring the court to fashion a sentence providing "maximum opportunity for the rehabilitation of the defendant, and for the protection of the community"). She

simply contends the district court assigned them too much weight. But we do not second-guess such decisions. *See Damme*, 944 N.W.2d at 106. The "right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard." *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983). And the court was not "required to specifically acknowledge each claim of mitigation urged" by Broom. *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). As a result, we find no abuse of discretion in the court's sentencing decision.

**AFFIRMED.**