**IN THE COURT OF APPEALS OF IOWA**

No. 19-1004
Filed May 13, 2020

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**SHAWN EASTMAN-ADAMS,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Grundy County, David P. Odekirk, Judge.

Shawn Eastman-Adams appeals her sentence for theft in the second degree. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**AHLERS, Judge.**

Shawn Eastman-Adams[1] challenges the district court's decision to send her to prison after she was convicted of theft in the second degree as a habitual offender.[2] She asserts failure to suspend the prison sentence was an abuse of discretion because the district court failed to adequately consider her difficult childhood, her history as a victim of abuse, the length of time that passed since her last felony convictions, the recommendation for a suspended sentence by the presentence investigator, her mental health treatment needs, the non-violent nature of her criminal history, and the fact that much of the stolen property had been recovered.

We review sentencing decisions for correction of errors at law. *State v. Letscher*, 888 N.W.2d 880, 883 (Iowa 2016). "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720,

---

[1] During the sentencing hearing, the district court noted the defendant was now known as Shawn Marie Tomkins. To maintain consistency with the district court filings, we will refer to the defendant as Eastman-Adams throughout this opinion.

[2] As a habitual offender as referenced in Iowa Code section 902.8 (2018), Eastman-Adams was subject to a fifteen-year prison sentence pursuant to Iowa Code section 902.9(1)(c). She was also not subject to a fine. *See* Iowa Code § 902.9(1)(e) (imposing a fine for a class "D" felony only when the felon is not a habitual offender). In spite of these code provisions relating to habitual offenders, the district court imposed a five-year prison sentence and also imposed a fine. The fine was suspended even though no probation was imposed. *See* Iowa Code § 907.3(3) (permitting suspension of a portion of a sentence only when probation is imposed). Since neither party raised an issue over the imposition of a five-year prison sentence for a habitual offender, the imposition of a fine for a habitual offender, or the suspension of the fine without imposition of probation, we do not address and take no position on the propriety of those terms of the sentence.

724 (Iowa 2002). An abuse of discretion occurs "[w]hen the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014).

> The district court gave the following explanation for the sentence imposed:
>
> In pronouncing judgment and sentence today, I have considered the factors set forth in the Iowa Code. I've given consideration to the arguments of counsel today, the nature of the offense, the defendant's age and prior record, as well as her employment circumstances, her disability circumstances as noted on the record and other circumstances set forth in the Presentence Investigation Report. . . .
> In considering all those things, . . . I have looked at the nature of this offense and specifically with regard to your past behavior and although I would like to be able to believe you, what you've told me today, I don't and I am going to sentence you to a term of imprisonment not to exceed five years with a mandatory minimum of three years to be served before you're eligible for parole, plus a $750 fine and 35 percent surcharge which I will suspend.

These statements, while terse and succinct, show the district court adequately considered the issues raised by Eastman-Adams and considered appropriate factors. *See State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (noting a terse and succinct statement of reasons for the sentence imposed satisfies the requirements of Iowa Rule of Criminal Procedure 2.23(3)(d)). Likewise, these statements show the district court did not consider any inappropriate factors. *See State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015) ("When a sentence imposed by a district court falls within the statutory parameters, we presume it is valid and only overturn for an abuse of discretion or reliance on inappropriate factors."). We find no abuse of the district court's discretion in imposing a prison sentence rather than a suspended sentence. Therefore, we affirm.

**AFFIRMED.**